No. 37,994

In the Matter of the Estate of Anice R. Hauck, deceased, SIGNA BRIGHTMAN SHULER, *Appellant,* v. ARLEIGH LAVERNE HAUCK, et al., *Appellees.*

(223 P. 2d 707)

Opinion filed November 10, 1950.

*Max Wyman,* of Hutchinson, argued the cause, and was on the briefs for the appellant.

*Bernard Peterson,* of Newton, argued the cause, and *J. Rodney Stone,* of Newton, was with him on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: The question in this appeal is whether a trust created by the will of Anice R. Hauck has been terminated.

Anice R. Hauck was a resident of Harvey county, who died in November, 1927. Her will was admitted to probate on December 20, 1927. The will, executed under date of September 9, 1927, contained five numbered paragraphs which are summarized or quoted as follows:

Paragraph 1 provided for the payment of debts out of her personal property. Paragraph 2 was:

"After the payment of the debts and expenses above provided to be paid, and for which I trust and hope my personal property will be sufficient, I hereby give and devise to my son, A. B. Hauck, in trust for his son and my grandson, Arleigh LaVerne Hauck, the West Half (W½) of the Northeast (NE¼) Quarter of Section Six (6), Township Twenty-three (23) South, Range Two (2) East of the Sixth Principal Meridian, Harvey County, Kansas. The terms of the trust in paragraph numbered 2 created shall be as follows:

"(a) The net income derived from said land, or trust funds or property derived from the sale of said land, shall be devoted to the support and education of my said grandson, Arleigh LaVerne Hauck.

"(b) The trust shall be terminated when my said grandson reaches the age of thirty years, at which time said trust estate shall become his absolutely, or in the event he shall die before attaining the age of thirty years, then said trust estate shall become the property absolutely of my son A. B. Hauck, or in the event my son A. B. Hauck dies before Arleigh LaVerne Hauck dies or reaches thirty years of age, then said trust estate shall become the property of my son, V. S. Hauck, and in the event both of my said sons shall die before the death of my grandson and before he reaches the age of thirty years, then said trust estate shall become the absolute property of my grand-daughter, Signa Brightman.

"(c) My said son, A. B. Hauck, shall act as trustee of the trust estate herein created without bond. In the event he dies before my grandson dies or before my grandson reaches the age of thirty years, then my son V. S. Hauck shall act as such trustee without bond, and in the event both my sons die before the termination of said trust, then the court shall appoint a trustee to succeed them and carry out the terms of said trust. Each of the trustees in the order named shall have full power and authority to sell, convey, mortgage, lease or in any manner dispose of the real property above described, always with the provision that the proceeds thereof shall be held intact and reinvested to the best interest of the trust estate."

Paragraph 3 was a devise of real estate in Newton, Kan., to Signa Brightman. Paragraph 4 bequeathed and devised the remainder

to Signa Brightman.   Paragraph 5 appointed a son, V. S. Hauck, as executor.

Although out of order chronologically, as conducive to a better understanding of the pleadings later mentioned, we here note that no question was raised as to the administration of the estate of Anice R. Hauck nor of the trust created by her will.   At the trial in the district court, later mentioned, it was stipulated that A. B. Hauck, testamentary trustee, died January 30, 1947; that on February 5, 1947, V. S. Hauck, named as his successor, filed his declination.to serve; that on the same day W. G. Regier was appointed as such trustee and duly qualified; that V. S. Hauck died June 26, 1948, and that the records and files of the probate court in the Anice R. Hauck estate should be considered as introduced in evidence.   Those records disclose that at the death of Anice R. Hauck she was seventy-nine years old, and that the then ages of the various persons named in the will were as follows:   A. B. Hauck, forty-eight, V. S. Hauck thirty-seven, Signa Brightman seventeen and Arleigh LaVerne Hauck five.

On June 13, 1949, Signa Brightman Shuler, the former Signa Brightman, filed her petition in the estate of Anice R. Hauck in the probate court, alleging the creation of the trust created for Arleigh LaVerne Hauck and directing particular attention to paragraph 2 (b) as quoted above, and alleging further that Arleigh LaVerne Hauck had not attained the age of thirty years and that A. B. Hauck and V. S. Hauck were both deceased, and that under the terms of the will in the event both of testator's sons shall die before the death of Arleigh LaVerne Hauck and before he reaches the age of thirty years, then said trust estate shall become the property of Signa Brightman, and that the real estate described in the will had become the absolute property of petitioner.   She further alleged appointment of Regier as trustee and that he should be required to file his final report and make final settlement, and the real estate and all property in his hands as trustee should be assigned to and vested in her as her absolute property, and she so prayed.

Arleigh LaVerne Hauck answered, stating that he was the beneficiary of the trust and now twenty-seven years of age, and, in a summary way, that the provisions for termination of the trust were subordinate, inferior and wholly dependent upon his death prior to his attaining the age of thirty years and that the trust was not terminated.   He prayed that the court find the trust terminable only upon his attaining the age of thirty years or upon his death prior thereto;

that the alternate contingencies or possibilities of inheritance were insubordinate, inferior and wholly dependent upon his death prior to attaining the age of thirty years; that he had a vested interest subject only to be divested if he should die before attaining the age of thirty years, and that petitioner take nothing under her petition.

Regier, the trustee, filed an answer asking for instructions as to the further administration of the trust estate.

On July 8, 1949, the probate court heard the matter and rendered judgment in favor of Arleigh LaVerne Hauck and against Signa Brightman Shuler and denied her petition. She appealed to the district court, which, in substance, found that paragraph 2 of the will created a trust terminable only upon Arleigh LaVerne Hauck's attaining the age of thirty years or upon his death prior to attaining that age; that his interest in the property forming the corpus of the trust was a vested interest subject to being divested by his death prior to attaining the age of thirty years; that he was twenty-seven years of age and the beneficiary and that the alternate contingencies or possibilities set forth were subordinate and inferior to his right and wholly dependent upon his death prior to attaining the age of thirty years, and that the words and phrasing following those words stating the trust shall be terminated when he reaches the age of thirty years were, at the time of the judgment, immaterial and would become material only in the event of his death prior to attaining the age of thirty years; that the petition of Signa Brightman Shuler should be denied and that Regier, trustee, should continue with his administration of the trust. The petitioner's motion for a new trial was denied and she perfected her appeal to this court from the judgment and all adverse rulings, her specification of error being that the trial court erred in not finding the trust terminated and that she was the owner of and entitled to the trust estate.

Appellant and appellees direct attention to authorities treating of rules of law for the construction of wills, but as they are not in disagreement, we need not dwell at length thereon.

In a summary way it may be said that where there is no ambiguity or uncertainty in a will, and where the intention of the testator is clearly and unequivocally expressed, there is no occasion for employing rules of construction (*Martin v. Martin*, 93 Kan. 714, 145 Pac. 565; *In re Estate of Ellertson*, 157 Kan. 492, 142 P. 2d 724) and that the ordinary rule for the construction of contracts applies to trust agreements and if their text is plain and unambiguous, the intention

will be ascertained from the language used and there is nothing to construe. (*Bayless v. Wheeler-Kelly-Hagny Trust Co.*, 153 Kan. 81, 87, 109 P. 2d 108; *Herd v. Chambers*, 158 Kan. 614, 149 P. 2d 583.) Where construction is necessary the court must put itself in the situation of the testator when he made his will and from a consideration of the language used in the entire will determine as best it can the intention he endeavored to convey (*Dyal v. Brunt*, 155 Kan. 141, 123 P. 2d 307; *In re Estate of Chevalier*, 167 Kan. 67, 204 P. 2d 748) the cardinal rule being that the intention of the testator as gathered from the whole will must control (*Selzer v. Selzer*, 146 Kan. 273, 69 P. 2d 708; *Johnson v. Muller*, 149 Kan. 128, 86 P. 2d 569) unless contrary to settled principles of law. (*Calkin v. Wallace*, 160 Kan. 760, 165 P. 2d 224.) The cases above noted contain citation of others to like effect.

As stated by appellant, there is no dispute of fact. Assuming for the moment the language of the will requires construction, in addition to the facts heretofore stated, the record as abstracted discloses little whereby the court may put itself in the position of the testatrix to determine her situation when she made her will. The probate records disclose that in the inventory filed in her estate the lands described in paragraph 2 of her will were appraised at $2,800 and that the real estate devised by paragraph 3 of her will was appraised at $1,200. It further appears from the records that the lands described in paragraph 2 were subject to a mortgage but the amount thereof is not shown in the abstracts.

In her printed brief, appellant presented an argument based entirely on what she contends the will and the situation disclosed the intention of the testatrix to be, and, although later referred to in more detail, that the testatrix intended the last clause of paragraph 2 (b) to be of primary and controlling force and that under it she became the owner of the trust estate. At the oral argument she made some contention that paragraph 2 contained executory limitations or constituted an executory devise and she filed a belated brief directing attention to some authorities thereon.

As background for her contentions appellant reviews a part of the factual situation and she says that perhaps she was the favored beneficiary under the will because of the devise to her, the fact she is the residuary legatee and the possible beneficiary under the trust created, and, inferentially that the testator's intention is to be resolved favorably to her. Such a conclusion can be reached only by

assuming that she is the beneficiary of the trust and that is a question for decision.

Although presented at length, the gist of appellant's argument that the trial court erred in its judgment is that the testatrix, after devising the real estate to her son A. B. Hauck in trust for his son and her grandson Arleigh LaVerne Hauck, the income to be used for his support and education, then provided the manner in which the trust should be determined. She contends that the testatrix intended by paragraph 2 (b) that the trust was to be determined when Arleigh reached the age of thirty years, and that event not having occurred at the date of the proceeding and judgment, the trust was not yet determined, his right to take was still potential, and subject to succeeding provisions; that in the event he die before attaining the age of thirty years, then the trust estate was to go to his father, but as the father died first, that particular provision need not be noticed. The next "or" clause that if A. B. Hauck dies before Arleigh the property shall go to V. S. Hauck is explained away by noting that while the word "absolutely" is used with reference to other provisions, it is not used with reference to V. S. Hauck and the only interest he acquired was as trustee and not as an individual owner, and that on his death his interest as trustee ceased and that the final clause is that if both sons died before the grandson and before he reached the age of thirty years, then the trust estate became her property, and by reason of the facts came into operation. She argues further that the provision of paragraph 2 (c) as to a successor trustee is not inconsistent with her analysis for there would have to be a trustee to make a final account in the probate court and a delivery of the trust estate to the beneficiary.

We cannot agree with the contentions advanced by the appellant. In determining the intention of the testatrix from the words used in her will, we are of the opinion it must be assumed she used those words consonant with and not contrary to the law applicable. Under repeated decisions of this court the law favors the early vesting of testamentary gifts, and we are committed to the rule that unless a contrary intention clearly appears an interest will be regarded as vested rather than as contingent. See *Cramer v. Browne*, 159 Kan. 423, Syl. ¶ 4, 155 P. 2d 468, and cases cited in that opinion. It may not be assumed, as appellant does, that Arleigh LaVerne Hauck's interest is contingent. Neither are we in agreement with her contention that such interest as V. S. Hauck might have taken was only

as a trustee. If her contentions were otherwise correct, under the terms of the will the trust estate vested in him upon the death of A. B. Hauck. In view of our conclusions presently to be stated we need not pursue the question of V. S. Hauck's rights.

Our consideration of the will leads to the following. Although not of controlling importance, it is to be remembered that when Anice R. Hauck made her will she was seventy-nine years of age, her granddaughter, the appellant, was seventeen, while her grandson Arleigh was an infant of five. Her estate was not large and seems to have consisted of a house and lot in the city of Newton, which she devised to her granddaughter, the appellant, and which so far as the record shows was clear of encumbrance, and of the tract of land now included in the trust involved and which was encumbered in some undisclosed amount. The record does not disclose the state of health of the testatrix nor the family situation of either of her sons, A. B. Hauck and V. S. Hauck. From the will which she made it is apparent that the only persons whom she wished to make bene-ficiaries were her granddaughter and her grandson. That she made a valuable devise to the granddaughter cannot be denied. It may be assumed from the manner of disposition that she realized that if she gave Arleigh the tract of land, it should not, in view of its encum-bered situation and his tender age, be by an absolute devise, and that she considered if she made an absolute devise his interests would have to be preserved through guardianship proceedings and that a trust arrangement would be more suitable to procure her de-sire that the income from the land, or its proceeds if sold, be used for his support and education. That under paragraph 2 of her will an enforceable trust was created is not open to argument for the prop-erty was devised to her son A. B. Hauck in trust for Arleigh, in a manner that offended no rule of law.

How long was the trust to continue? The first clause in paragraph 2 (b) is clear and positive that the trust shall be terminated when Arleigh reaches the age of thirty years. This is clear and unam-biguous language fixing the term of the trust, which should not be restricted or cut down by any subsequent vague or doubtful ex-pressions (see, e. g., Holt v. Wilson, 82 Kan. 268, 108 Pac. 87). No two scriveners of a will would use the same formula of words to ex-press the same provision, but we think it clear from the entire sub-division (b) that all clauses subsequent to the first are subordinate to the first provision that if Arleigh survived to the age of thirty years

the trust estate was to become his absolutely, and that the will may not be read and interpreted otherwise. By reason of the prior deaths of A. B. Hauck and V. S. Hauck they or their heirs take nothing. The concluding clause that "and in the event both of my said sons shall die before the death of my grandson and before he reaches the age of thirty years, then said trust estate shall become the absolute property of my granddaughter, Signa Brightman," does not say and ought not to be contorted to mean that the death of A. B. Hauck and V. S. Hauck before Arleigh invested her with the trust estate for such an interpretation ignores the important words "and before he reaches the age of thirty years." Those words are to be read in connection with all of subdivision (b) preceding and refer to the limitation first fixed that the trust is to continue until Arleigh reaches the age of thirty years and mean that Signa takes only if A. B. Hauck and V. S. Hauck die before Arleigh and he die before reaching the age of thirty years. If there were any doubt as to the above it is cleared by subparagraph (c) which expressly provides that if the testatrix's son A. B. Hauck, the named trustee, shall die before her grandson Arleigh reaches the age of thirty years then her son V. S. Hauck shall be trustee and in the event both shall die before the termination of the trust the court shall appoint a successor. This very provision can have no meaning other than that the trust shall continue until Arleigh reaches the age of thirty years or dies before reaching that age.

From what has been said it is clear from the language used by the testatrix that she intended to vest in him a present interest in the trust estate and that the provisions for termination of the trust do not constitute conditions precedent to such vesting; that on the contrary, those provisions are conditions subsequent which may cut off his interest. (See *Hawkins v. Hansen,* 92 Kan. 740, syl. ¶ 1, 142 Pac. 280, L. R. A. 1915 A 95.)

We find it unnecessary to discuss the subject of executory limitations, as expounded in 31 C. J. S. 132 (*Estates,* § 120) *et seq.* and 19 Am. Jur. 555 (Estates, § 95) *et seq.* and other aurthorities dealing with the subject, and to classify the devise made by paragraph 2 of the will for if that were done we still would be faced with the problem of the intention of the testatrix and that has been determined.

As applied to the facts presented, it appears that at the date of the judgment that Arleigh LaVerne Hauck was alive and had not attained the age of thirty years. His interest was still subject to being divested, but the conditions which would divest it had not as yet oc-

curred. Under such circumsances the appellant was not entitled to a judgment that the trust had terminated and that she was entitled to the trust estate.

It does not appear that the judgment of the trial court was erroneous and it is affirmed.