THE LAWRENCE NATIONAL BANK, a banking corporation, as trustee under the will of A. R. Maxwell, Deceased, *Appellee*, v. RALPH WARNER SHIRK, *Appellant*, and JULIA LOUISE MAXWELL, *Appellee*.

No. 38,658

THE LAWRENCE NATIONAL BANK, a banking corporation, as trustee under the will of A. R. Maxwell, Deceased, *Appellee*, v. RALPH WARNER SHIRK, *Appellee*, and JULIA LOUISE MAXWELL, *Appellant*.

(244 P. 2d 179)

Opinion filed May 10, 1952.

*Hylton Harman*, of Kansas City, argued the cause, and *Richard B. Stevens* and *John W. Brand*, both of Lawrence, were with him on the briefs for appellant and appellee Ralph Warner Shirk.

*Chas. A. Springer*, of Lawrence, argued the cause and was on the briefs for appellant and appellee Julia Louise Maxwell.

*C. C. Stewart,* of Lawrence, argued the cause, and *O. K. Petefish,* also of Lawrence, was with him on the briefs for appellee The Lawrence National Bank as trustee under the will of A. R. Maxwell, deceased.

The opinion of the court was delivered by

WERTZ, J.: This was an action by the trustee to construe a will and for an order concerning disposition of funds in the hands of the trustee. From the judgment rendered by the court, defendant Ralph W. Shirk in case No. 38,641 appeals, and defendant Julia Louise Maxwell in case No. 38,658 appeals from the same judgment. For purposes of clarity appellee Lawrence National Bank, trustee under the will of A. R. Maxwell, will be referred to as plaintiff, and appellant Ralph W. Shirk will be referred to as defendant Shirk and appellant Julia Louise Maxwell as defendant Maxwell.

A. R. Maxwell, a resident of Douglas County, Kansas, on March 15, 1934, executed his will which was properly witnessed and consented to by his wife. After his death, his will was admitted to probate and his estate closed in the probate court on September 11, 1937. The will as executed and administered contained six numbered paragraphs which are summarized or quoted as follows. Paragraphs 1 and 2 appointed the Lawrence National Bank of Lawrence, Kan., as executor and trustee. Paragraph 3 provided for the payment of debts and that if the personal property was insufficient for this purpose, any real estate not specifically devised should be sold to pay the same. Paragraph 4 devised to his wife, Julia Louise Maxwell, the homestead together with all the household furnishings and automobile. Paragraph 5 provided:

"I hereby give and bequeath to the Lawrence National Bank a certain tract of land described as: (description) and I direct said bank to manage said real estate and collect the rents that may become due thereon, pay the taxes, add the net income therefrom to any other trust funds given in this will until my grandson, Ralph Warner Shirk, shall arrive at the age of twenty-one years, from which time he shall have the exclusive management and be entitled to all of the profits from said real estate until his death or until such time as he shall allow the taxes for two years to be delinquent thereon at the same time, and on the happening of either of said two events, I hereby direct the Lawrence National Bank, as such trustee, to convey said real estate to the issue of the said Ralph Warner Shirk, if any, and if he shall have no issue living at that time, then said Trustee shall convey said real estate to any survivors of the following four persons:

Francis Maxwell Brentlinger        Brock Maxwell
Josine Maxwell Brissenden          Rymer Maxwell

and I further give to said Trustee the sum of One Hundred dollars ($100.00)

which shall be a fund for use by them for the payment of all taxes or other necessary expenses of said real estate should there be insufficient rents therefrom in its possession for such purpose, and whatever part of said $100.00 may remain when, under the terms of this will, it becomes the duty of the Lawrence National Bank to convey said real estate, I hereby direct it be paid by said Trustee to my wife, Julia Louise Maxwell."

Paragraph 6 bequeathed and devised the remainder of the property, both real and personal, to his wife, Julia Louise Maxwell.

The controversy in this action involves the construction of paragraph 5 of the will. At the time the will was executed the testator's grandson, Ralph Warner Shirk, was approximately five years of age, and at the time the estate of A. R. Maxwell, deceased, was closed in the probate court, the grandson Shirk was approximately seven years of age. Immediately after defendant Shirk's twenty-first birthday, the plaintiff bank as trustee filed an action in the lower court setting up the will of A. R. Maxwell, deceased, and stating that under the terms of the will the $100 mentioned in paragraph 5 was paid to it as trustee and that until the defendant Shirk arrived at the age of twenty-one years, it had managed said real estate and now has in its possession net profits from the real estate in the sum of $3067.19 in addition to the original $100 paid to it in trust; that defendant Shirk has now assumed full responsibility for management of the real estate; that a question has arisen as to proper distribution of the accumulated earnings from said real estate; that defendant Shirk has made a demand for such accumulated earnings as being due him under the terms of the will and that defendant Maxwell objects to any part of the accumulated earnings being paid to defendant Shirk and insists that she is entitled to all the trust funds including these accumulated earnings under the terms of the will of A. R. Maxwell, deceased. The petition closes with a prayer that both defendants set up their respective claims to the accumulations and the court determine the rights under the will and instruct plaintiff trustee what distribution it should make of the original trust fund and the accumulated earnings from the real estate held by it as trustee.

Defendant Shirk answered and in substance alleged that under the terms of the will of deceased and particularly paragraph 5 thereof he is entitled to an immediate delivery of the accumulated fund in the amount of $3067.19. Defendant Maxwell filed her answer and in substance asserted that under express provisions of paragraph 5 of the will, and by reason of the fact that she is the

residuary devisee and legatee under the will, she is entitled to the accumulated earnings under the will and they should be paid to her by the trustee.

The case was tried in the court below and on May 22, 1951, the court rendered judgment, the pertinent part of which follows:

"It is . . . ordered . . . that under Paragraph 5 of the Will of A. R. Maxwell, the Lawrence National Bank as Trustee, retain in its custody, the trust fund of $3,167.19 and all accumulations thereon, until the death of Ralph Warner Shirk, or until such time as he may allow the taxes for two years on said land to be delinquent at the same time, and on the happening of either of said events, said Trustee deed said land to the·issue of Ralph Warner Shirk, if any, and if none are living at that time, to the survivors of the following named persons:

| Francis Maxwell Brentlinger | Brock Maxwell |
| Josine Maxwell Brissenden | Bymer Maxwell, |

and that upon such conveyance, the trustee pay said fund, together with all accumulations thereon, to Julia Louise Maxwell, less the necessary expenses and fees of administering said trust.

It is . . . further ordered that until this trust is terminated, said trustee invest said fund and in the event that the taxes on said land become delinquent, then said trustee is directed to apply to this Court for instructions as to how to proceed under the facts then existing, and this Court hereby retains jurisdiction of this matter." ·

To such judgment defendant Maxwell filed a motion to modify and a motion for a new trial. In the motion to modify she asserted that the court should direct immediate payment to her of the funds in the hands· of the trustee and in her motion for a new trial, that the decision rendered is in part contrary to the evidence. To the judgment rendered by the court, defendant Shirk filed a motion for a new trial asserting erroneous rulings of the court, that the decision was contrary to the evidence, and newly discovered evidence. All the motions came on for hearing and were on October 23, 1951, overruled. From the order overruling defendant Maxwell's motion for judgment and motion for a new trial, she appeals to this court and her action is docketed as case No. 38,658. From the court's order overruling defendant Shirk's motion for a new trial, he appeals, and his case is docketed in this court as case No. 38,641.

Both defendant Shirk and defendant Maxwell assert several specifications of error, but they may be summarized as follows: Did the trial court err in its interpretation of paragraph 5 of the will as to disposition of the accumulated earnings?

Defendant Shirk contends that he is entitled to the immediate payment of such sum, and defendant Maxwell contends that she is

entitled to the immediate payment of both the accumulated earnings and the $100 trust fund. The court found that neither was entitled to the immediate payment but that such funds should be held by the trustee until one of the stated contingencies happened as set forth in the will, when payment was to be made to defendant Maxwell.

The merit of the appeal depends on the proper interpretation of paragraph 5 of the will. Both defendants direct attention to the authorities treating rules of law for the construction of wills, but as they are not in disagreement, we need not dwell at length thereon. In a summary way it may be stated that if the intention of the testator is clear, there is of course no occasion for employing rules of judicial construction. A rule for the construction of wills to which all other rules are subordinate is that the intention of the testator as garnered from all parts of the will is to be given effect, and that doubtful or inaccurate expressions in the will shall not override the obvious intention of the testator. In construing a will, the court must put itself as nearly as possible in the situation of the testator when he made the will and from a consideration of that situation and from the language used in every part of the will, determine as best it can the purpose of the testator and the intentions he endeavored to convey by the language used. (*In re Estate of Hauck,* 170 Kan. 116, 223 P. 2d 707; *Brown v. Brown,* 101 Kan. 335, 166 Pac. 499; *Dyal v. Brunt,* 155 Kan. 141, 123 P. 2d 307; *In re Estate of Works,* 168 Kan. 539, 213 P. 2d 998; *In re Estate of Chevalier,* 167 Kan. 67, 204 P. 2d 748; *In re Estate of Porter,* 164 Kan. 92, 100, 187 P. 2d 520; and cases cited therein.)

In reading paragraph 5 of the will, it is apparent that the language used by the testator is somewhat doubtful and inaccurately expressed, and it therefore becomes a question for this court to decide as to what the testator's intention was at the time he executed the will and particularly paragraph 5 thereof. Considering the situation of the testator with respect to his property and his family, and giving effect to the language of his will, we think it is not difficult to determine his intention. He owned several parcels of real property, at least two of which were described in his will, and certain personal property consisting among other things of household goods, an automobile, and other personal effects. His devisees and legatees named in the will were his wife, defendant Maxwell, and his grandson, defendant Shirk, then approximately five

years of age. Obviously he meant to provide well for each of them. By paragraph 4 of his will he devised to his wife the homestead together with all household furnishings, the automobile, and such property as belonged to her absolutely, to be her sole and separate estate and free of claims of any other person whomsoever. By paragraph 5 he gave to the Lawrence National Bank certain definitely described property to be held in trust for his grandson, Ralph W. Shirk, as related. By paragraph 6 of his will he gave to his wife all the remainder of his estate, both real and personal.

The testator intended that a life estate in the described property should go to his grandson, defendant Shirk, but inasmuch as his grandson was at the time the will was executed a child of tender years and incapable of managing the property, it was necessary that a trustee be appointed to manage the property until the grandson should attain his majority, from which time he was to have the exclusive management of the described property and be entitled to all the profits therefrom until his death or until such time as he should allow the taxes thereon to become delinquent for two sucessive years, when his estate was to terminate. The will is definite in saying that defendant Shirk was to have all the profits, and the word "all" is not qualified so we interpret the word all to mean profits, past, present and future.

Definite provisions were made for the testator's wife under paragraphs 4 and 6, and had the testator intended that she receive the rents from this property conveyed to the trustee in trust for defendant Shirk during his minority, he would have said so, and it would have been unnecessary to appoint a trustee for the purpose of collecting the rents and profits until the grandson attained the age of twenty-one years before turning the accumulated fund over to his widow, which would have been approximately sixteen years after the execution of the will. Moreover, in paragraph 5 the testator definitely stated that in the event either of the two contingencies occurred, that is, should defendant Shirk die without leaving any children or fail to pay two successive years of taxes, the trustee was ordered to convey the property to the contingent beneficiaries named in paragraph 5 and at such time pay to his widow whatever was left of the original $100 specified in the will, making it doubly clear that it was his intention that the accumulations from the rents and profits during Shirk's minority were to be paid to him when he became twenty-one. The testator was definite in the pro-

vision applying to the $100 trust fund. He provided that the $100 was to remain in the hands of the trustee until the happening of one of the contingencies stated in paragraph 5, at which time it became the duty of the trustee to convey the real estate and pay whatever part of the $100 remained to his wife, Julia Louise Maxwell.

In view of what has been said, the judgment of the trial court is reversed and the case remanded with instructions to the lower court to order the trustee to pay to defendant Shirk the accumulated earnings in the sum of $3,067.19 less the costs of this action and such other allowances for services and attorneys fees as may be proper in the action, and that the trustee be ordered to withhold the $100 trust fund mentioned in paragraph 5 of the will until such time as it becomes necessary, under the terms of the will, for the trustee to execute the deed conveying the property in question to the parties entitled thereto, and then pay to Julia Louise Maxwell whatever remains of the $100 trust fund.

It is so ordered.