No. 39,569

CLARA SAMANTHA BEALL, *Appellee,* v. ALEXANDER HARDIE, WILLIE WALKER WISE, REUBEN M. WISE, ANNA M. RICHARDS, THURNELDA WILLIAMS, and THURNELDA WILLIAMS, Administratrix of the Estate of Mary Wise, Deceased, *Appellants.*

(279 P. 2d 276)

Opinion filed January 22, 1955.

*William A. Buckles,* of Burlington, argued the cause and was on the briefs for the appellants.

*Frank T. Forbes,* of Burlington, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action for construction of a joint will and to quiet title to real estate. The case was submitted to the trial court on the pleadings and stipulation of facts, and the court entered judgment quieting title in plaintiff, from which ruling defendants have appealed.

The facts are substantially as follows: John M. Wise and Ellen C. Wise were husband and wife. On June 8, 1915, they duly executed their joint will. It was headed "Joint Will of John M. Wise and Ellen C. Wise, Husband and Wife." Immediately below the heading it stated: "We, John M. Wise and Ellen C. Wise . . . , Husband and Wife, being of sound mind . . . declare the following to be our Last Will and Testament that our property may be disposed of according to our present wishes in the manner and form following, that is to say:"

Paragraph 1 provides for the payment of debts, and the remaining provisions insofar as pertinent hereto are as follows:

"2nd In case of the death of John M. Wise it is his Will and wish and he here directs that his surviving widow, Ellen C. Wise shall come into possession of all property both personal and real that he may at the time of his

death be in possession of or any interest in any personal property or real estate that he may at that time hold in any such property.

"3rd Should Ellen C. Wise die first it is her will and wish and she here directs that all property that she may then possess either personal or real estate shall come into the possession of her surviving husband, John M. Wise, or any interest in any such property that she may at the time of her death have.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"5th It is the Will and wish of both Testators to this Will that upon the death of either of the members of this union that any and all property left by the deceased shall come into the possession and be the sole and absolute property of the surviving testator to this Will.

"6th It is the Will and wish of both members of this Will that no Appraisement or Inventory be taken and that what property is left the surviving member, be not sold, only upon the wish and desire of the surviving companion.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"It is the Will, desire and wish of each member of this *Will and Covenant* that when both the members of this Will are dead that the real estate belonging to the said Testators of this Will the said John M. Wise and the said Ellen C. Wise that it shall be divided as follows between the two heirs and the only heirs named above, that is to say:—That all the following described real estate shall go to Willie Walker Wise, . . . and the following described real estate shall become the property of the said Clara S. Beall . . . " ( Our italics.)

John M. Wise died November 29, 1915 leaving his widow, Ellen C. Wise, and their two children, Willie Walker Wise, appellant, and Clara Samantha Beall, appellee. The will was admitted to probate, his widow, Ellen, electing to take under the provisions of the will, and the estate was closed on February 2, 1917. On February 20, 1947, Ellen executed a warranty deed conveying all her interest in the real estate in question to appellee Clara Samantha Beall. Appellee claims title by virtue of the warranty deed from Ellen, and contends that under the terms of the will Ellen had the power to sell the property during her lifetime.

Appellant contends that the will was contractual and the real estate in question was devised to Willie Walker Wise, and that the most Ellen took, as survivor under the joint will, was a life estate without power of disposition.

The determinative question presented here on the pleadings and stipulation of facts is the same as that presented to the trial court, i. e., what type of estate did Ellen C. Wise acquire in the real estate under the joint will at the death of John?

The answer to the question presented depends upon the proper

interpretation of the will. A rule for the construction of wills to which all other rules are subordinate is that the intention of the testator as garnered from all parts of the will is to be given effect, and that doubtful or inaccurate expressions in the will shall not override the obvious intention of the testator. In construing a will, the court must put itself as nearly as possible in the situation of the testator when he made the will and from a consideration of that situation and from the language used in every part of the will, determine as best it can the purpose of the testator and the intentions he endeavored to convey by the language used. (*Lawrence National Bank v. Shirk,* 173 Kan. 76, 244 P. 2d 179; 5 Hatcher's Kansas Digest [Rev. Ed.], Wills, §101; West's Kansas Digest, Wills, §§439, 440 and 441.)

This brings us to the first question. Was the joint will contractual? The terms of a joint will, or the circumstances under which it was executed, may show the existence of a contract, directly or by inference, so that equity will enforce its provisions in a proper case. (*In re Estate of Adkins,* 161 Kan. 239, 248, 167 P. 2d 618.) Throughout the will, the language used by the testators supplies evidence of an underlying obligation. At the beginning of the will it is stated that John and Ellen declared the instrument to be "our last will and testament"; that "our" property be disposed of according to "our present wishes". They used the word "we" not "I", "our" not "my". They further used the words "will and covenant", all of which imported a joint disposition of the collective property of both, and not an independent disposition of each of his or her own property. The word "covenant" means to enter into a formal agreement; to bind oneself in contract; to make a stipulation. The word "covenant" is also defined as an agreement, convention or promise of two or more parties, by deed in writing signed, and delivered, by which either of the parties pledges himself to the other that something is either done or shall be done or stipulates for the truth of certain facts. (*Curry v. Cotton,* 356 Ill. 538, 191 N. E. 307, 310.) The language of the will leaves no room for construction as to what the intention of the parties might have been. The will on its face shows it was contractual, and the real estate in question passed according to the terms of the joint will.

The next question for consideration is the construction of the will itself to determine what disposition was made of the property in question.

Paragraph No. 5 of the will provides that upon the death of either spouse, any and all property left by the deceased shall be the sole and absolute property of the surviving testator.

Paragraph No. 6 expresses the wish that the property be not sold only upon the wish and desire of the surviving companion. From these two provisions, it is clear that the surviving testator by the terms of the will received a life estate with a qualified power of disposition, the only qualification or restriction being that the survivor could not make a testamentary disposition of the property covered by the will, in contravention of the interest of the remainderman, set forth in the subsequent subdivision of paragraph 6. By the terms of the will, although it is expressed as the wish of the parties that the property be not sold, it is further provided it may be sold should the survivor desire to make such disposition.

What, then, was the interest of appellant Willie Walker Wise under the will, as provided in the subsequent subdivision of paragraph 6, which provided, "It is the Will, desire and wish of each member of this Will and Covenant that when both the members of this Will are dead that the real estate belonging to the said Testators . . . shall be divided as follows between the two heirs and the only heirs named above, that is to say:—That all the following described real estate shall go to Willie Walker Wise . . . and the following described real estate shall become the property of the said Clara S. Beall . . ."

In construing the will in its entirety, it becomes clear that the provision last stated is simply that if the real estate therein provided was still owned by the surviving testatrix at her death, the property would pass to the children according to its terms. Inasmuch as the surviving testatrix saw fit to sell the property during her lifetime, as she was permitted to do under the terms of the will, her successors in title are entitled to have the real estate quieted in them, and the appellants have no interest in the property.

In *Sharpe v. Sharpe*, 164 Kan. 484, 190 P. 2d 344, it was stated:

"The will devised the land to the testator's widow and contained a clause providing that after her death 'any remaining property of my estate' should be divided among his children. *Held,* the will created a life estate in the widow with power of disposition during her lifetime." (Syl. ¶ 3.)

(See, also, *Postlethwaite v. Edson*, 98 Kan. 444, 155 Pac. 802; 5 Hatcher's Kansas Digest [Rev. Ed.], Wills, § 141; West's Kansas Digest, Wills, § 634 [4].)

The fact that a testator who devises or bequeaths property to one for life, the remainder to another, gives the life tenant a power to dispose of the property, so that there is a possibility, undetermined until the termination of the life estate, that the property will not in fact be available to the remainderman, does not make the remainder contingent, but leaves it vested, subject to defeasance by the exercise of the power. (See *Buxton v. Noble*, 146 Kan. 671, 73 P. 2d 43; 131 A. L. R. 715.)

Inasmuch as Ellen, the surviving testatrix, had a life estate in the real estate with power to sell during her lifetime, her conveyance of the property in question to the appellee by warranty deed, for a valuable consideration, divested appellant Willie Walker Wise of his remainder interest under the provisions of the will, and all persons claiming by or through him.

Appellants argued to the effect that the conveyance by warranty deed made to appellee was not supported by a consideration and that the transfer of the property was made with the intent to defraud the remainderman under the will. In answering this argument, we need only point out that this case was tried on a stipulation of facts in which no mention of failure of consideration or fraud was made. The deed from Ellen to appellee was admitted as a part of the stipulation, and it showed upon its face that it was made for $1 and other valuable consideration. We are limited to the pleadings and stipulation of facts, and appellants' contention on this issue is not before this court for review.

In view of what has been said, the judgment of the trial court quieting title in the appellee is affirmed.

It is so ordered.

Robb, J., not participating.