No. 41,433

In the Matter of the Trust Estate under the Last Will and Testament of John A. Randall, Deceased. (JOHN L. RANDALL, MARY STRUEBY, SEARLE RANDALL, and CHARLOTTE McELFRESH, *Appellants*, v. W. E. REGIER, Trustee, ROBERT FULMER, DOROTHY CHICHESTER, ALICE WHARTON, and A. R. LITTLE, *Appellees*.)

(340 P. 2d 885)

Opinion filed June 13, 1959.

*George A. Robb*, of Newton, argued the cause and was on the briefs for the appellants.

*Vernon A. Stroberg,* of Newton, argued the cause, and *Kenneth G. Speir, Herbert H. Sizemore* and *Richard F. Hrdlicka,* all of Newton, were with him on the briefs for the appellees, Robert Fulmer, Dorothy Chichester and Alice Wharton.

*Arthur N. Turner,* of Newton, argued the cause, and *C. Fred Ice* and *Alden E. Branine,* both of Newton, were with him on the briefs for the appellee, W. E. Regier, Trustee.

The opinion of the court was delivered by

PARKER, C. J.: This is an appeal from a judgment of the district court construing the terms of a testamentary trust and providing for the distribution of its funds.

In a preliminary way, noting as we do that the family relationships involved in this appeal are somewhat complicated, it is perhaps advisable at this point to set out these relationships in detail in order that future readers may have a clear and concise picture of the degrees of relationship indigenous to this appeal. The facts necessary to a proper understanding of the case itself, as well as a determination of the issues therein involved, are not in dispute and were in fact stipulated in the district court.

John A. Randall, a resident of Harvey County, and a bachelor died testate many years ago. Although he left no issue, he did leave several collateral heirs, whose relationship to him will now be stated.

The deceased testator had one sister, Ann Randall Little and three brothers, Charles, D. V., and George Randall. Ann predeceased John and left five children—M. Kate Little, E. G. Little, Anna L. Fulmer, Alice B. Shaffer and A. R. Little. All of Ann Little's children except A. R. Little are deceased and only one child, Anna L. Fulmer left surviving issue; namely, Dorothy Chichester, Robert Fulmer and Alice Wharton. The last three individuals, along with A. R. Little and W. E. Regier, as Trustee, are named appellees to this appeal.

Charles Randall died prior to John A. Randall leaving no issue.

D. V. Randall died and left three children, John L. Randall, Mary Strueby and Jennie E. Randall. Of these Jennie died leaving no issue. However, John and Mary survive and join as appellants in this appeal.

George Randall died leaving one son, George C. Randall, who subsequently died, leaving two children, Charlotte McElfresh and Searle Randall. These children also join as appellants in this appeal.

John A. Randall, the deceased testator, left a will which was duly admitted to probate and administered according to law. Summarized as to content, except as otherwise indicated, such will discloses that the first three paragraphs thereof provided for the usual dispositive provisions concerning funeral and last sickness expenses. George Randall, a brother received the income from a sum certain and at his death, the principal passed in equal shares to a college and hospital. D. V. Randall received an outright sum of money.

Paragraph four provided that A. R. Little receive the sum of $2,500.

Paragraph five bequeathed $1,000 each to M. K. Little, Anna L. Fulmer, E. G. Little, George C. Randall and Alice B. Shaffer.

Paragraphs six and seven provided for distribution of certain sums, not here involved.

Paragraph eight of the will is important in that it not only serves as the basis of the present controversy but also because the final interpretation of its terms will determine the disposition to be made of this appeal. For that reason, it will be quoted in part where necessary:

"Eighth. After paying the above named legacies, debts, expenses and complying with the foregoing provisions, I give, devise, and bequeath the balance, residue, and remainder of my estate as follows:" (Herein it is specified that M. K. Little, Anna Fulmer, and E. G. Little are to each receive a one-eighth portion of such remainder and D. V. Randall to receive a three-eights portion of such remainder.)

Following this distribution, two trusts were created. The first trust provided that George C. Randall was to have the use and benefit of the income from a one-eighth portion of the remainder during his lifetime. His wife also was to enjoy its use during her lifetime should she survive him. Upon the death of both parties, the principal one-eighth was to be paid over to their children in equal shares, any grandchildren taking the parents share. In passing it is to be noted that this particular trust has been consummated by payment of the principal to appellants Charlotte McElfresh and Searle Randall.

The second trust reads:

"I direct that the remaining one eighth portion of my said estate be set apart for the use and benefit of Alice B. Shaffer, of Granville, Ohio, same to be disposed of and paid out by my executors as follows: The said Alice B. Shaffer, shall have paid to her during her natural life the interest or income

from the said one eighth portion of said residue of my estate and at her death should she leave children surviving her, then the said principal sum upon which said Alice B. Shaffer received the income, shall be paid over and given to such children, any grandchildren taking a deceased parents share. In the event that the said Alice B. Shaffer should die without issue, I direct that the said one eighth portion as aforesaid be paid to the sisters and brother of said Alice B. Shaffer, as follows: M. K. Little, Anna L. Fulmer, and E. G. Little, they to share and share alike . . ."

The remaining portions of the will are unimportant for present purposes except to note that W. E. Regier was named and is now the successor trustee.

On September 4, 1957, W. E. Regier, as successor trustee, filed what is denominated in the record as "Trustee's Final Accounting and Petition for Construction of Testamentary Trust." He alleged that the estate of John A. Randall had been duly administered and that upon final settlement of said estate, pursuant to the terms of a trust created by the will, certain property had been assigned to the then testamentary trustees of which he was successor trustee; that under paragraph eight of the will, trust estates were created in favor of George C. Randall and Alice B. Shaffer. Further, the trust in favor of George C. Randall terminated with his death and the assets of that trust had been distributed; that Alice B. Shaffer died on July 15, 1957, thus the trust in her favor had terminated and the court should determine the persons entitled to receive the assets of said trust under the provisions of the testator's will.

The petition also alleged and set out the names and addresses of the alleged heirs of John A. Randall and further alleged that under the provisions of paragraph eight, the remainder estates of the named brother and sisters were contingent upon the life tenant, Alice B. Shaffer leaving no issue and therefore, such remainder estates were contingent and not vested; that the named brother and sisters predeceased the life tenant and therefore their remainder interest has lapsed and the assets of the trust should be assigned and distributed as follows: A. R. Little, John L. Randall, Mary Strueby, Charlotte McElfresh, and Searle Randall, each to receive a one-sixth and Robert Fulmer, Dorothy Chichester and Alice Wharton each to receive a one-eighteenth interest.

All parties deemed necessary to the outcome of the trial were duly notified and accorded constructive service except two of the alleged heirs, John L. Randall and Mary Strueby upon whom personal service was obtained.

On November 12, 1957, John L. Randall, Mary Strueby, Searle Randall and Charlotte McElfresh filed an instrument denominated "Defense to Petition of Trustee." Therein, among other things, they alleged the various family relationships and in general reaffirmed and adopted most if not all of the portions of the petition filed by W. E. Regier, successor trustee.

On March 27, 1958, Alice Wharton, Dorothy Chichester and Robert Fulmer filed an answer to the trustee's petition and in substance alleged their family relationship; admitted Alice B. Shaffer's death and that she had no issue; asserted that M. K. Little, Anna L. Fulmer and E. G. Little predeceased her; and expressly denied that the remainder interest has now lapsed and the assets of the trust estate should be assigned and distributed to the heirs-at-law of John A. Randall, deceased.

The cause proceeded to trial on stipulated facts and on October 29, 1958, a journal entry was filed in the district court announcing the result of the trial.

Highly summarized the district court noted: The presence either personally or by their attorneys of all parties concerned except "that A. R. Little is in default for want of answer or other pleading"; it was agreed that the hearing on the trustee's final accounts should be deferred pending the outcome of the action; that the trustee was taking no position in the case but that his petition was presented to permit the court to make proper distribution of the trust estate in question; all parties present stipulated that the will should be admitted in evidence and that the controversy arose over paragraph eight (setting it out) of the will; that the various family relationships were enumerated substantially as they appear elsewhere in this opinion; that A. R. Little is still living but has made no appearance; and that the sole question for determination is "Who are the persons entitled to the residue of the above-mentioned trust created by the provisions of the Last Will and Testament of John A. Randall, deceased?"

Thereupon, after considering the facts, provisions of the will and arguments and briefs of the parties, the district court announced its findings. Without repeating each and every finding and in so far as is necessary to a proper understanding of the circumstances surrounding the ruling and decision of the trial court, it suffices to say such tribunal found:

"That John A. Randall, deceased, did not die intestate as to any part or portion of his property or estate; on the contrary, he disposed of every part

and portion thereof by the various terms and conditions of his Last Will and Testament.

"That John A. Randall, deceased, who created the trust in question, deliberately and intentionally excluded A. R. Little from any rights or benefits in and to the trust estate; A. R. Little is still living. (The Testator did, however, make specific provisions for the said A. R. Little by Paragraph Fourth of his will.)

"That by the terms and provisions of the trust instrument, John A. Randall intended to and did:

"(a) Make provision for Alice B. Shaffer for her lifetime.

"(b) Vest the residue of the trust estate in the class consisting of certain of the life tenant's brothers and sisters, to wit: M. K. Little, Anna L. Fulmer, E. G. Little (excluding from said class, however, the remaining brother, to wit: A. R. Little), subject to the life estate in favor of Alice B. Shaffer and conditioned upon failure of children of the said Alice B. Shaffer. Surviving issue of any member of said class to take the share of their deceased parent.

"That Robert Fulmer, Dorothy Chichester, and Alice Wharton, being the sole surviving issue of said class, are the sole beneficiaries of the trust and take share and share alike."

The court then decreed that Robert Fulmer, Dorothy Chichester, and Alice Wharton should be, and are adjudged the sole beneficiaries of the trust estate, share and share alike and that the trustee, pending approval of his final account, distribute the remainder of the trust property to the above named individuals in shares of one-third each.

Thereupon, appellants duly perfected the instant appeal.

Before turning to the merits it should be stated that resort to the will and what has been stated in the preceding factual statement lead to the inescapable conclusion that John A. Randall attempted to make certain that he disposed of all of his property under the terms of the will and had no intention whatsoever to die intestate as to any part or portion thereof. That this is so is amply demonstrated by the fact that, having ordered the remainder of his estate be converted into cash by his executors after payment of specific bequests, he then, under the residuary clause of the will (Paragraph Eight), divided the remainder of such estate into eight equal parts and directed division of such remainder to residuary legatees on that basis.

In passing it is interesting to note that seven of the eight remainder interests carved out of the residuary estate by the testator, including the trust of George C. Randall, have now, if not long since, been paid by the trustee to the respective remaindermen named in the will.

Thus we come to what the trial court held, with which we agree, is the all-decisive issue involved in this controversy. Who are the persons entitled to the residue of what we have heretofore denominated as the "second trust" (created by Paragraph Eight) of the will? Pertinent portions of such trust have been heretofore quoted and need not be repeated.

Without laboring the point it may be said that the question just stated calls for a construction of the will itself to determine what disposition the testator made of the residual one-eighth of the property disposed of under the residuary clause of that instrument.

This, since we have no difficulty in concluding the terms of the second trust are ambiguous, requires that we construe the entire will in the light of rules long since established by this court in cases where the terms and provisions of other wills have been regarded as indefinite and uncertain. For that reason, without attempting to exhaust the field, we shall make brief reference to just a few of our many decisions where the rules of construction applicable under conditions and circumstances such as are here involved are stated, discussed and applied.

In *Hawkins v. Hansen,* 92 Kan. 73, 139 Pac. 1022, we held:

"The rules of construction applied to wills by this court in numerous cases recognize that each will must be construed by its own terms, and that where there is any ambiguity in the language the court must, as far as possible, put itself in the position of the testator, taking into consideration all the circumstances under which the will was executed, the condition of the testator's family and his estate, and from all the facts and circumstances find what his intention was. (*Safe Deposit Co. v. Stich,* 61 Kan. 474, 59 Pac. 1082; *Hurst v. Weaver,* 75 Kan. 758, 762, 90 Pac. 297.)" (Syl. ¶ 1.)

To the same effect is *In re Estate of Hauck,* 170 Kan. 116, 223 P. 2d 707, holding that:

"Where construction of a will is necessary the court must put itself in the situation of the testator when he made his will and from a consideration of the language used in the entire will determine as best it can the intention he endeavored to convey, the cardinal rule being that the intention of the testator as gathered from the whole will must control unless contrary to settled rules of law." (Syl. ¶ 3.)

See, also, *Beall v. Hardie,* 177 Kan. 353, 279 P. 2d 276, a recent declaration respecting the paramount rule for construction of wills, where, repeating and reapproving the principle announced in the early case of *Brown v. Brown,* 101 Kan. 335, 166 Pac. 499, we held:

"A rule for the construction of wills, to which all other rules are subordinate, is that the intention of the testator, as garnered from all parts of

the will is to be given effect, and that doubtful or inaccurate expressions in the will shall not override the obvious intention of the testator." (Syl. ¶ 1.)

And in the opinion stated:

". . . In construing a will, the court must put itself as nearly as possible in the situation of the testator when he made the will·and from a consideration of that situation and from the language used in every part of the will, determine as best it can the purpose of the testator and the intentions he endeavored to convey by the language used. (*Lawrence National Bank v. Shirk*, 173 Kan. 76, 244 P. 2d 179; 5 Hatcher's Kansas Digest [Rev. Ed.], Wills, § 101; West's Kansas Digest, Wills §§ 439, 440 and 441.)" (P. 356.)

For more recent decisions of like import see *In re Estate of Dobrovolny*, 182 Kan. 138, 141, 142, 318 P. 2d 1053; *In re Estate of Blank*, 182 Kan. 426, 431, 432, 320 P. 2d 775; *In re Estate of Yetter*, 183 Kan. 340, Syl. ¶ 2, 328 P. 2d 738; and authorities there cited.

Keeping in mind that the will must be construed by its own terms and when ambiguous in accord with the intention of the particular person executing it, we see no necessity for prolonging this opinion by an extended statement of reasons responsible for the conclusions we have reached regarding the construction to be given the will now under consideration. It suffices to say the court has placed itself as nearly as possible in the situation of the testator when he made the will, examined that instrument on the basis of his intention at the time of making it and, after doing so, is satisfied that the terms thereof disclose (1) that John A. Randall did not intend to die intestate as to any part of his property; (2) that, after payment of specific bequests, and except as to A. R. Little, the general scheme or intended purpose of his will was to give equal shares of the remainder of his property to the respective branches of his family, stemming from his brothers and sister (Ann Randall Little, D. V. Randall and George Randall), in accord with the number of the then living children of each such brother and sister; (3) that, for reasons best known to himself, he intended to and did exclude A. R. Little from the branch of the family stemming from his sister Ann Randall Little; (4) that, with respect to the gift over of the residue of the proceeds of the Alice B. Shaffer trust, which was indefinite as to quantum, possession and number of persons who would ultimately share therein, and which he indirectly, if not directly, recognized could not be closed for a long period of time, he intended, excluding A. R. Little, to vest the proceeds of such property in the three beneficiaries named by him as a class to be determined upon the death of the life tenant (Alice B. Shaffer).

With the will construed as just indicated contentions made by appellants (John L. Randall, Mary Strueby, Searle Randall and Charlotte McElfresh) to the effect the will creates a contingent remainder in M. K. Little, E. G. Little and Anna L. Fulmer and therefore should be distributed under the laws of intestate succession to the heirs of John A. Randall, lack merit and cannot be upheld. On that account it is neither necessary nor required that we cite and distinguish decisions, relied upon by the appellants in support of this contention, which, in our opinion are based on facts and circumstances entirely different than those here involved and for that reason cannot be regarded as controlling precedents.

For the same reasons we are not inclined to labor a contention advanced by appellee trustee, or decisions cited in support thereof, to the effect this was a class gift to the three named beneficiaries and that the class was ascertained upon the death of the testator, not the death of the life tenant.

Moreover, we do not agree with a contention advanced by the appellants, as well as the trustee, that the three beneficiaries named by the testator in Paragraph Eight of the will took as individuals, not as a class. There is sound authority for the rule that, under the conditions and circumstances here existing, a gift to persons named may be construed as one to a class (See 57 Am. Jur., Wills, 836 § 1264; 61 A. L. R. 2d., Anno., 212). In fact, in *Corbett v. Skaggs*, 111 Kan. 380, 207 Pac. 819, citing 40 Cyc. 1473; 28 R. C. L. 260-267, it is said that even if beneficiaries are expressly named they may be treated as a class, if an intention to that effect is otherwise shown. Here, as we have previously indicated, an intention to treat the beneficiaries named as a class appears from the will itself.

What has been heretofore stated and held requires a conclusion the trial court did not err in its judgment, holding that the appellees, Robert Fulmer, Dorothy Chichester and Alice Wharton, being the sole surviving issue of the class in question, are the sole beneficiaries of the involved trust, share and share alike, and for that reason entitled to distribution of the remainder of the trust property. Therefore such judgment must be affirmed.

It is so ordered.