No. 44,215

George Garfield Giese, *Appellee*, v. Louis A. Smith, a single man; et al., *Appellees*, and Emilie J. Lees and William C. Lees, her husband; Annette S. Dieterichs and Frank F. Dieterichs, her husband, and Herbert Mueller, *Appellants*.

(408 P. 2d 687)

Opinion filed December 11, 1965.

*George D. Miner*, of Ellsworth, argued the cause, and *Paul L. Aylward* and *R. E. Miller*, both of Ellsworth, and *Emerson H. Shields*, of St. John, were with him on the briefs for the appellants.

*T. B. Kelley* and *Glenn E. Opie*, both of Great Bend, argued the cause, and *Fred L. Conner*, of Great Bend, was with them on the briefs for the appellees.

The opinion of the court was delivered by

Hatcher, C.: This was an action in the nature of a suit to quiet title for the purpose of having the will of Christian P. Smith construed.

Christian P. Smith, a resident of Illinois, died testate on March 20, 1908. He owned seventeen quarter sections of land in Stafford County, Kansas and had rather extensive land holdings in the State of Illinois where his estate was probated. He left surviving him Frances Smith, his widow, and six children.

His will made separate specific devises and bequests to his widow and each of his six children consisting of the land in Illinois and stock in the Citizens State Bank of Ellinwood, Kansas. The nature of the estates devised varied from life to fee absolute. The specific devises and the provision for payment of debts and funeral expenses made up the first eight paragraphs of the will.

It is the last three clauses of the will, particularly clause nine using language applicable to a determinable fee, that are involved in this controversy. These will be presented later.

One of the sons died December 30, 1919. The widow, Frances Smith, died July 11, 1925. All of the other children except one have since died. Ida C. W. Mueller, one of the children of Christian P. Smith, died March 30, 1935, leaving no children surviving her. Her estate passed to her husband, Otto H. Mueller, and at his death to the devisees under his will. It is the real property in Stafford County passing to Ida by the residuary clause in the will of Christian P. Smith that is the actual subject of this controversy.

On March 12, 1963, George Garfield Giese, a grandson, brought the action from which this appeal stems to construe the will of Christian P. Smith. All of the descendants of Christian P. Smith were made defendants, as united in interest with the plaintiff, and the devisees under the will of Otto H. Mueller (appellants) were made principal defendants. The purpose of the action was to quiet title against the three devisees named in the will of Otto H. Mueller. The petition alleged in effect that inasmuch as Ida C. W. Mueller died leaving no children, the real estate devised to her, including the Stafford County property, reverted to and became the absolute property of the children of Christian P. Smith living at the time of the death of Ida, under the provisions of paragraph nine of the will in controversy. The appellants in their brief summarize their answer to the petition as follows:

"The defendants-appellants answered the claim of appellees and alleged that by the terms of the residuary clause of the will of Christian P. Smith his six children each were vested with one-seventh (⅐th) interest in fee simple in the [Stafford County] real estate. The defense of *res judicata* was also set up on the ground that the Manning Case had determined all matters herein and it was alleged that the appellants and their predecessors in title had been in possession of this interest for more than fifty-five (55) years under claim of ownership; that the action is in fact an action to construe the will of Christian P. Smith; that the claim made is without foundation in fact or law; and that the appellees and their predecessors in title had ratified and acquiesced in the allocation of rents and oil runs to appellants and their predecessors in title and were guilty of laches."

The issues were submitted to the trial court on affidavits of the parties, a stipulation admitting facts, a stipulation admitting numerous documents and exhibits.

The trial court concluded that (1) the will of Christian P. Smith created a determinable fee as to the land in Stafford County which passed to the widow and six children under the residuary clause; (2) the action to construe the will of Frances Smith was not *res judicata* as to this action, and (3) the doctrine of ratification, estoppel or laches did not apply.

The principal defendants, the devisees under the will of Otto H. Mueller, have appealed specifying as their points relied on for reversal, error in the three conclusions mentioned above.

We will first consider appellants' suggestion that the trial court erred in concluding that the will of Christian P. Smith created a determinable fee in his widow and children as to the property which passed by the residuary clause, including the real estate in Stafford County.

Obviously, in view of the contention of the parties and the conclusions of the trial court, the will requires construction as to the intention of the testator. We will, therefore, before considering the specific provisions of the will, review the general rules of construction which will guide us in reaching our conclusion.

The cardinal rule in the construction of a will is that the intention of the testator must be ascertained and the will so construed as to carry out that intention. Once the intention of the testator is ascertained a court should not interest itself with the wisdom or equities of the result if it does not conflict with any positive rule of law or public policy. (*In re Estate of Johnson,* 175 Kan. 82, 259 P. 2d 176; *In re Estate of Dees,* 180 Kan. 772, 308 P. 2d 90; *In re Estate of Weidman,* 181 Kan. 718, 727, 314 P. 2d 327.)

We have held in *In re Estate of Chevalier,* 167 Kan. 67, 204 P. 2d 748, syllabus 1:

"In construing a will the court must put itself as nearly as possible in the situation of the testator when he made the will and from a consideration of that situation, and from the language used in every part of the will, determine as best it can the purposes of the testator and the intentions he endeavored to convey by the language used."

In the construction of a will a court must ascertain the intent of the testator, as revealed by all the language used by the testator, not in isolated words, clauses or paragraphs, but in the entire instrument. All provisions of a will must be considered and construed together. (*In re Estate of Weidman,* supra; *Beall v. Hardie,* 177 Kan. 353, 279 P. 2d 276; *In re Estate of Randall,* 185 Kan. 92, 98, 340 P. 2d 885; *Commercial National Bank v. Martin,* 185 Kan. 116, 120, 340 P. 2d 899; *In re Estate of Freshour,* 185 Kan. 434, 345 P. 2d 689; *In re Estate of Kelly,* 185 Kan. 752, 347 P. 2d 428; *In re Estate of Cribbs,* 180 Kan. 840, 308 P. 2d 111; *In re Estate of Roberts,* 190 Kan. 248, 373 P. 2d 165; *Parsons v. Smith, Trustee,* 190 Kan. 569, 376 P. 2d 899.)

Where an estate is created by will it will be deemed to be an estate in fee simple, if a lesser estate is not clearly indicated, and a testator desiring to give a qualified estate instead of an absolute one must employ language clearly importing an intention to do so. In *In re Estate of Hauck,* 170 Kan. 116, 223 P. 2d 707, we stated at page 121 of the opinion:

". . . Under repeated decisions of this court the law favors the early vesting of testamentary gifts, and we are committed to the rule that unless a contrary intention clearly appears an interest will be regarded as vested rather than as contingent. See *Cramer v. Browne,* 159 Kan. 423, Syl. ¶ 4, 155 P. 2d 468, and cases cited in that opinion. . . ." (See, also, *In re Estate of Paulson,* 188 Kan. 467, 363 P. 2d 422; *In re Estate of Kelly,* supra.)

Previous judical decisions may give us rules for construction, but in construing a will each case must be governed by its own particular facts and circumstances; little aid can be derived from other judicial decisions and opinions unless the words of the two wills are substantially identical.

Guided by the above rules and rules to be more specifically applied, which will be considered later, we have no difficulty in concluding that the property devised by the residuary clause in fee was not subject to the limiting provisions of paragraph nine and reduced to a determinable fee.

The three paragraphs of the will before us for construction read:

"Ninth: In case any one or more of my children herein named should die without leaving a child or children surviving him or her, then and in that case all the property which I have in and by this will given to such of my said named child or children thus dying without leaving a child or children at the time of his or her death, shall revert to and become the absolute property of such of my said named children as are then alive.

"Tenth: I give, bequeath and devise to my wife, Frances Smith, and my six above named children, in equal parts, all the rest and residue of my property of every kind and character, wherever situated, which is not by this will expressly disposed of, which I own at the time of my death.

"Eleventh: I do hereby constitute and appoint my sons, Henry P. S. Smith, Edward L. Smith, and my son-in-law, William C. Kriege, or the survivor or survivors of them, to be executors of this my last will and testament, with full power to sell and convey any and all of my property in order to divide the same among the devisees and legatees of this will, their heirs or assigns, without any order of court."

The seventeen quarter sections of land in Stafford County are not mentioned in the will. The land, therefore, passes under the residuary clause. Paragraph ten of the will, the residuary clause, is clear and unambiguous. The devise is unrestricted. Standing alone

the clause would pass a fee absolute. The only matter for construction is whether the fee title devised under the residuary clause is diminished by the provisions of paragraph nine providing for a determinable fee.

The first question that presents itself is—if the testator intended paragraph nine to apply with equal force to paragraphs two to eight, which contained separate individual devises, and paragraph ten, why did not the diminishing language follow rather than precede the devise in paragraph ten as it did the other seven devises?

It will also be assumed that the testator wrote the first part of his will before the last. When paragraph nine was written containing the language "all the property which I have in and by this will given to such of my said named child or children" we assume, there being nothing to indicate the contrary, that he was referring to what he had written in clauses two to eight, not to what he had not yet written in clause ten.

It should also be noted that by paragraph ten of the will the testator intended to make disposition of any and all property he had not previously bequeathed or devised. The residuary clause reads in part:

". . . all the rest and residue of my property of every kind and character, wherever situated, which is not by this will expressly disposed of, . . ."

The scope of the language covered both real and personal property. It would hardly be contended that the title to perishable personal property, or personal property subject to obsolescence, passing under paragraph ten, would be subject to the determinable language found in paragraph nine of the will.

Even more convincing proof of the intention of the testator appears in paragraph eleven of the will. This clause, after appointing the executors, states:

". . . with full power to sell and convey any and all of my property in order to divide the same among the devisees and legatees of this will, . . ."

It could not have been anticipated that the specific property devised to separate individuals in paragraphs two to eight of the will would need be sold for the purpose of division. This was devised in separate complete tracts. The authority to convey as provided by paragraph eleven could only apply to the property devised by the residuary clause in paragraph ten. The power to sell

and convey is not in harmony with the nature of a determinable fee.

There is yet another rather convincing circumstance which tends to indicate the intention of the testator. It appears that the immediate children of the testator had for years placed their interpretation upon the will. They never questioned Otto H. Mueller's right to the one-seventh interest in the Stafford County real property which was devised to his wife, Ida, by the residuary clause. They acquiesced in the division of the rents and oil royalties from 1935, to 1963, with the full knowledge of the amount claimed and received by Otto H. Mueller as the heir of Ida C. W. Mueller. We must assume that the children of Christian P. Smith knew more about the conditions and circumstances under which the will was drawn, and the intention of the testator, than did a grandson who attempts to place his interpretation upon the will some 55 years after the death of the testator.

What inferences are to be drawn from circumstances and conditions of the testator's estate at the time the will was drawn? In *In re Estate of Dobrovolny*, 182 Kan. 138, 318 P. 2d 1053, we stated at page 142 of the opinion:

". . . Further, a will is to be construed not alone by its language, but by the conditions of the testator's family and estate, and the court should put itself so far as possible in the position of the testator and take into consideration the circumstances surrounding him when the will was executed. (*Ernst v. Foster*, 58 Kan. 438, 49 Pac. 527; *Johnson v. White*, 76 Kan. 159, 90 Pac. 810; *Beall v. Hardie*, 177 Kan. 353, 279 P. 2d 276; *Walker v. Koepcke*, 177 Kan. 617, 282 P. 2d 382.)"

It would appear that the testator desired to keep the Illinois property where the family made its home in the lineage or blood line. It must be recognized, however, that in 1908, Stafford County land as compared to land in Illinois had only a nominal value. The testator thought so little of the Stafford County land that it was not specifically mentioned in the will. It was left to pass under the residuary clause. There is nothing to indicate in connection with the Stafford County land that the testator's wishes were in accordance with lineage or blood line.

Finally, if there is any question as to the intent of the testator we must apply the rule that unless a contrary intention clearly appears a divised interest will be regarded as vested rather than a contingent or determinable fee, and further, we must give heed to the legislative mandate which was in effect at the time the will in controversy was written, which reads:

"The term 'heirs,' or other words of inheritance, shall not be necessary to create or convey an estate in fee simple; and every conveyance of real estate shall pass all the estate of the grantor therein, unless the intent to pass a less estate shall expressly appear, or be necessarily implied in the terms of the grant." (G. S. 1901, Ch. 22, Sec. 2, now K. S. A. 59-614, with some change in language.)

We conclude that under the will of Christian P. Smith, Ida C. W. Mueller was devised an interest in fee simple in the real property in Stafford County and that such interest was not diminished by the language in paragraph nine of the will.

The will having been construed in favor of the appellants, their contentions as to the application of the doctrine of *res judicata*, ratification, estoppel and laches become immaterial and do not require attention.

The judgment is reversed with instructions to render judgment for those defendants appearing as appellants in this appeal.

APPROVED BY THE COURT.