No. 39,778

Dwight C. Diver, *Plaintiff-Appellee*, v. Mary Catherine Hendrix, *Defendant-Appellant.*

(284 P. 2d 1080)

Opinion filed June 11, 1955.

R. M. *Lee*, of Topeka, argued the cause, and *John F. Skaggs*, of Topeka, was with him on the briefs for the appellant.

*Joe F. Balch*, of Chanute, argued the cause, and *Robert L. Briley*, of Chanute, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Harvey, C. J.: This was an action to quiet title to certain described real estate. Plaintiff's right to a decree as requested depends upon the interpretation of a will and the facts set forth in the pleadings.

Charles F. Diver, a resident of Woodson County and the owner of certain described real property in that county, died February 5, 1918. He was survived by his wife and eight children, three daughters and five sons. He left a will which was executed on the 14th day of November, 1917, and which was duly probated after his death. No question is raised about the validity of the will or that it was duly probated. The pertinent parts of the will, after an introductory paragraph and one providing for the payment of his just

debts including expenses of his last illness and burial, read as follows: (We number the paragraphs for the purpose of identification.)

"1. I hereby give, devise and bequeath to my beloved wife, Anna C. Diver, all of my property, both real, personal and mixed, remaining after paying my debts, to have the use of the same during her lifetime, or so long as she remains my widow, with full power to sell, transfer and convey the same as she may deem best. It being my desire that all of my said estate be charged with the use, support and maintenance of the said Anna C. Diver so long as she may live, or so long as she remains my widow.

"2. It is my further wish and desire, and I hereby give, devise and bequeath to my beloved daughters, Ethel Diver, Dorothy Diver, and Anna Diver, the use and enjoyment of any and all of my said estate which may be left after the death of my beloved wife, Anna C. Diver, or after she re-marry and cease to be my widow. It is my wish and desire that my beloved daughters have the use and enjoyment of said property in common for their benefit, or any of my said daughters surviving to have the use of said property so long as any of them may live.

"3. It is my further wish and desire that upon the death of my beloved wife, and all of my beloved daughters, *then and in that event,* said property to be divided equally between any of my beloved children *then living,* or the heirs of the body of any of my beloved children; it being my desire that my beloved children living, and the heirs of the body of any child deceased, shall share and share alike in my said estate. That is to say, that the heirs of the body of any of my beloved children shall receive that part and portion which would descend to their parent, my beloved child.

"4. It is my further wish and desire that my beloved daughters do not dispose of said real estate, or any part thereof, and are hereby enjoined from so doing, and that during the continuation of said will, and before the division of said estate, the parties receiving the enjoyment thereof, and use thereof, are to keep up the taxes, expenses and improvements of said premises. My beloved wife and daughters are hereby granted the right to lease said premises for oil, gas or other minerals, if they desire.

"5. It is my further wish and desire that after the death of my wife and daughters, *then and in that event,* the parties to whom my estate descends are hereby granted the right to sell, dispose and divide the same as they may wish and desire.

"6. I hereby constitute and appoint my beloved wife, Anna C. Diver, executor of said estate without bond, and upon her death, then my beloved daughters, or either of them, as they may desire, to be and become executor, without bond, of my said estate." (Emphasis ours.)

Anna C. Diver, wife of the testator and the first life tenant, died March 14, 1935, without having exercised the power of sale conferred upon her by the will, and without having remarried. Each of the three daughters of the testator named in his will is still living.

On some date not shown by the abstract but perhaps in the early

part of 1954, Dwight C. Diver, one of the sons of the testator, filed a petition in the district court of Woodson County, Kansas, to quiet his title to certain described land situated in Woodson County which was owned by the testator at the time of his death. In the petition are set up portions of paragraphs 1, 2, 3, and 4 (our numbers) of the will. The petition alleged that his three sisters, named in the will of the testator; his living brothers, named in the will of the testator; and, the widow and a child by adoption of one of his brothers who is deceased, have conveyed their respective interests in the real property in question to the plaintiff. It is further alleged that the injunction contained in the will of the testator against disposing of the property before the division of the estate is merely precatory and is unenforceable; that the remainder interests created by the will are vested interests, not subject to being divested, and that the phrase "heirs of the body" as contained in the testator's will constitutes words of limitation and not of purchase, and that issue born or unborn of the children of the testator have in fact no interest, vested or contingent, in the land after valid conveyance by the life tenants and vested remaindermen under said will.

It is further alleged that defendants, named and designated, claim some title, estate or interest in the land, or lien thereon, the exact nature of which claim is unknown to plaintiff, which are a cloud upon plaintiff's title. The prayer was that plaintiff be adjudged to be the owner in fee simple of the real property involved and the title quieted in plaintiff and against defendants, and each of them.

To this petition Mary Catherine Hendrix filed an answer in which she admitted all allegations not specifically denied. She specifically denied that plaintiff was the owner in fee simple of the real property in controversy. She alleged that she is the daughter of Charles F. Diver, one of the sons of the testator, and alleged if her father, Charles F. Diver, should not be living at the time of the death of the last daughter of the testator, then, in that event, she would be entitled to a share of the estate, and further alleged that at this time none of the sons of the testator named in plaintiff's petition have any right or title to the real property involved.

Plaintiff's reply to this answer contained a general denial and a specific denial that defendant had any interest, vested or contingent, in and to the real property involved.

The pleadings presented two questions of law: First, whether plaintiff had a vested interest in the property at the time the will

was probated; and second, did defendant have a contingent interest in the property?

On October 15, 1954, the case came on for trial before the court. The record does not disclose that any evidence was introduced. The case appears to have been tried upon the allegations of the pleadings. The court noted the appearances of the parties, and made findings of fact substantially as alleged in the petition with respect to the questions. The court held that the injunction contained in the will of the testator against disposition of the life estate of the daughters was merely precatory and unenforceable; that the remainder interests created by the will are vested remainders not subject to being divested or opened to admit additional descendants of the testator; that the phrase "heirs of the body" constitutes words of limitation and not words of purchase, and that issue, born or unborn, of the children of the testator had no interest, vested or contingent, in and to the title to the real property in question. We think the court erred in each of these conclusions.

Black's Law Dictionary defines precatory as,

"Having the nature of prayer, request, or entreaty; conveying or embodying a recommendation or advice or the expression of a wish, but not a positive command or direction."

In Bouvier's Law Dictionary under the title of precatory words it not only defines what is meant but points out the early history and the later rule as to whether the words may be used in such a way as to create a trust.

In 72 C. J. S. p. 476, the term is defined as meaning beseeching, prayerful, entreating and suppliant. In this sense it does not embrace the idea of a command or peremptory direction. It sets out that precatory words are frequently employed in testamentary instruments and are variously treated in 69 C. J. pp. 78 and 79, 445, 447, 471, 472, 716, and 727. At p. 79 it is said:

"Whether words are precatory or mandatory depends on the expressed intention of the testator, and is determined by the context, and, where the meaning of the words is doubtful or ambiguous, in the light of surrounding circumstances and the testator's relationship to beneficiaries. Where words of recommendation, request, desire, and the like are used in direct reference to the disposition of the testator's own property and show a clear intent to make such disposition without the intervention of any act by the first donee, they are ordinarily regarded as imperative rather than precatory, even though the testator declares his wish to be executed only on the happening of a contingency which may never happen; but, where the language is used by way of sugges-

tion, advice, or desire, with a view to influence, but not to direct the discretion of the donee, the words are held to be precatory. Distinctions have been drawn between expressions of desire directed to beneficiaries, to executors, and to trustees. A wish directed to a beneficiary is generally regarded as precatory, unless clearly the words express the testator's intention to the contrary; where the words are addressed to an executor, they are regarded as mandatory; . . ."

Many of the cases cited by the above authorities stress the view that while precatory words may apply to beneficiaries they do not apply to executors. When executors are given directions as to what to do or not to do it is their duty to conform. They have no right or capacity to do otherwise.

The testator, in the will now being considered, appointed his three daughters to act as executrices, or one of them chosen by them, after the death of his wife and until the death of the survivor of the daughters. Under the will as we interpret it the daughters had no capacity to convey the property in question to the plaintiff, or to anyone else. We think it clear the court erred in holding the injunction against the daughters for conveying the property was precatory and unenforceable.

A cardinal rule for the construction of a will to which all others must yield is to ascertain and follow the intention of the testator. In construing a will the court is the judge of the law and must consider all of the provisions of the will. It cannot delete any part of it. See, *Sipes v. Pessemier,* 144 Kan. 300, 58 P. 2d 1085; *Dyal v. Brunt,* 155 Kan. 141, 123 P. 2d 307; *Jones v. Petrie,* 156 Kan. 241, 132 P. 2d 396; *Epperson v. Bennett,* 161 Kan. 298, 167 P. 2d 606; *In re Estate of Thompson,* 161 Kan. 641, 171 P. 2d 294; *In re Estate of Hauck,* 170 Kan. 116, 223 P. 2d 707; *In re Estate of Cline,* 170 Kan. 496, 227 P. 2d 157; and *Woelk v. Woelk,* 174 Kan. 130, 254 P. 2d 297.

Appellant cited the above cases, and also *Bullock v. Wiltberger,* 92 Kan. 900, 142 Pac. 950. We think all those cases are in point. Many other cases might be cited but counsel agree to the rules above stated.

Examining this will we find no uncertainty as to what the testator desired to do with his property. The language is clear; there is no necessity for using rules of construction. The testator wanted his wife to have the use of the property as long as she lived, or until she remarried. He desired her to be well cared for and gave her the power to dispose of the property. She did not dispose of it. Upon the death of his wife he desired that his three daughters

should have the use of the property until the death of the last of them, and he wanted his daughters to be executrices of his estate until the death of the last survivor of them. And, upon the death of his wife and all of his daughters "then and in that event" the property was to be divided equally between his children "then living" and the heirs of the body of any child deceased, share and share alike. He desired the property to be not sold until after the death of his wife and daughters, then in that event, the parties to whom the estate passed were granted the right to sell or dispose of the property as they may wish. The title of the property was never to vest in anyone until the death of his wife and all of his daughters. That time has not come because the daughters are all still living.

Under that situation what does the plaintiff now have? Under the will he has nothing more than an expectancy. He will not get anything unless he is living after the death of the last surviving sister. His estate is now a contingency depending upon whether he survives all of his sisters.

In *Kirkpatrick v. Kirkpatrick*, 112 Kan. 314, 211 Pac. 146, it was held:

"The provisions of a will considered, and *held*: Interests in real estate, depending on survival of a 30-year trust, were contingent, and not vested." (Syl. 1.)

It was error for the trial court to hold that plaintiff had a vested estate. What kind of an estate does the defendant have? She has an estate contingent upon two things: That her father die before the death of the last of his three sisters; and, that she be living at that time. We think the words "heirs of the body" as used in the will were improperly interpreted by the trial court. They were used only to designate classes of persons who could take after the death of all of the daughters. If defendant takes anything under this will she will not take it as an heir of her father, she will take it as a devisee under the terms of the will.

Appellee cites *Stevenson v. Stevenson*, 102 Kan. 80, 169 Pac. 552, and *Faris v. Nickel*, 152 Kan. 652, 107 P. 2d 721. We have examined these cases and because of the difference in the wills the questions involved are not applicable here.

From what has been said it is clear that the judgment of the trial court should be reversed with directions to render judgment for the defendant. It is so ordered.