No. 40,439

In the Matter of the Estate of Maud Cribbs, Deceased. PAUL W. SCOTT and MAXINE SCOTT KRONEN, *Appellees,* v. JOHN TICHY, Executor and Testamentary Trustee of the Estate of Maud Cribbs, Deceased; LUCILLE BABCOCK, HELEN TICHY, FRANCES WETERHAHN, and LOUISE TUCKER, *Appellants.*

(308 P. 2d 111)

Opinion filed March 9, 1957.

*Arno Windscheffel,* of Smith Center, and *Don W. Noah,* of Beloit, argued the cause, and were on the briefs for the appellants.

*R. L. Hamilton,* of Beloit, argued the cause, and was on the briefs for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This was an action to construe a will. Plaintiffs (appellees) are the relatives of the testatrix, and defendants (appellants) are relatives of her deceased husband.

On July 26, 1954, Maud Cribbs, a resident of Mitchell County, whose husband had predeceased her, died and left a will and

testament which was subsequently admitted to probate. No children were born to either the testatrix or her husband.

The first nine paragraphs of her will provided for the payment of her debts, care of the family burial lot, and made specific bequests of personal property to particular members of the family, including plaintiffs. In the tenth paragraph, she devised the family home. In the eleventh paragraph, the executor was directed to sell at private sale all the property, both real and personal, not previously disposed of in the will. From the sum so derived, a bequest of $500 was made to the Presbyterian Church, in paragraph twelve.

In that portion of the will with which we are concerned, the testatrix named her relatives as beneficiaries under paragraph 13 (a) and (b), and under subparagraphs (c) and (d), her deceased husband's relatives. Paragraph 13 reads:

"THIRTEENTH: All money from every source left in my estate after paying the special bequests, debts and costs of administration shall be referred to hereafter as remainder, and:

"(a) I give, devise and bequeath to Florence Scott one-sixth (1/6) of the remainder of my Estate, with the provision that she use such sums as she shall need for her support and care during her lifetime and that any unused portion then go to my nephew and Niece, Paul W. Scott, and Maxine Scott Kronan, share and share alike, or if either be deceased then to the heirs of their body, share and share alike.

"(b) I give, devise and bequeath to Mr. and Mrs. Len L. Lawler, or the survivor, one-sixth (⅙) of the remainder of my Estate, with the provision that they use such sums as they shall need for their support and care during their lifetime and that any unused portion then go to Florence Scott, if living, or if dead then to my nephew and niece, Paul W. Scott and Maxine Scott Kronan, share and share alike, or if either be deceased then to the heirs of their body, share and share alike.

"(c) I give, devise and bequeath in trust to john Tichy one-sixth (⅙) of said remainder of my Estate to be paid out as follows: $75.00 per month to Florence Power as long as she shall live until a sum equal to one-sixth (⅙) of said remainder has been paid, but if she should predecease me or die before the entire one-sixth has been paid to her then it is my will that said trustee pay the unused portion of said one-sixth of the remainder to John Cribbs Power and Jack Goepel Mumford, share and share alike.

"(d) And the balance of said Estate I give, devise and bequeath, share and share alike to Lucille Bacock, Helen Tichy, Frances Wetterhahn and Louise Tucker, and in event that any of said last mentioned devisees shall predecease me I direct that that portion be divided equally between those devisees last above mentioned who survive me.

"The provisions contained in this paragraph are intended to give one-half

of the remainder to my relatives and one-half of the remainder to the relatives of my deceased husband."

The other provisions of the will relevant to a determination of the question presented, read:

"FOURTEENTH: I direct that my Executor not collect any accounts that may have been owing to my deceased husband, Frank Cribbs, or myself, by any of the devisees herein mentioned.

"FIFTEENTH: It is my intention that any gifts made during my lifetime, or any bonds or life insurance in which a beneficiary is named, should not be considered as any part of my Estate in computing the share received by any of the devisees herein mentioned."

Plaintiffs (appellees) Paul W. Scott and Maxine Scott Kronen filed a petition seeking a judicial construction of the will, alleging they were interested in the estate as the only heirs at law of Maud Cribbs, and also as legatees of two-sixths of the remainder of her estate under paragraph 13 (a) and (b) of the will, and further alleged that under paragraph 13 (c) and (d) her deceased husband's relatives were given a four-sixth interest in the remainder of her estate, notwithstanding the intention of the testatrix, as set out in the unnumbered concluding subparagraph of thirteen, was to divide her estate equally between her relatives and those of her deceased husband. Moreover, the will inadvertently omitted to list a one-sixth interest passing to plaintiffs and therefore, she died intestate as to that interest in the remainder. The plaintiffs asked that the will be construed so as to give plaintiffs an additional one-sixth in the remainder as contemplated.

Defendants' answer, as far as pertinent, alleged the will by its terms specifically devised and bequeathed all of testatrix's property to named beneficiaries, and that the unnumbered subparagraph of thirteen neither added to nor detracted from the specific bequests made in the will.

The matter was presented to the trial court which made findings of fact and concluded as a matter of law that testatrix's intention was clearly expressed to give her relatives one-half, and her husband's relatives one-half of the remainder of her estate. The court further concluded, in substance, that since the testatrix left only two-sixths of the remainder to her relatives, she died intestate as to the necessary one-sixth interest to divide one-half to her relatives, and that interest would pass to her heirs, Paul and Maxine by intestate succession, and entered judgment accordingly.

From an order overruling defendants' post trial motions, this appeal was perfected.

Defendants contend that since the testatrix, in unambiguous terms, disposed of all the remainder of her estate by the specific provision in paragraph 13 (a), (b), (c) and (d), there should be no restrictions on those provisions by the concluding statement expressing a general intent. With this position, we agree.

A rule for the construction of wills, to which all other rules are subordinate, is that the intention of the testator, as garnered from all parts of the will, is to be given effect, and that doubtful or inaccurate expressions in the will shall not override the obvious intention of the testator. (*Beall v. Hardie,* 177 Kan. 353, 279 P. 2d 276.) When there are definite and unambiguous expressions in a will, other expressions that are capable of more than one meaning must be construed, if possible, so as to harmonize with the plain provisions. Where there might appear to be an inconsistency between a general and a specific provision, the latter will prevail, as those provisions which are expressed with exactness may be regarded as declaring the testator's intention with greater certainty than those less formal. (69 C. J., 110, Wills, § 1157.) We stated in *Johnson v. Muller,* 149 Kan. 128, 86 P. 2d 569, that "to ascertain the intention of the testator and the extent and character of the bequests and devises of his will, all provisions of the will must be read and construed together, and one provision must not be given controlling significance by ignoring other provisions of the will."

It is also well established that a gift in clear terms cannot be taken away or diminished by later obscure and ambiguous provisions or mere precatory language. To diminish or encumber an absolute gift, it is necessary to find or supply language in the later clause equally as plain and unequivocal as in that of making the gift, expressing an intention to limit the devise already made. (69 C. J. 114, Wills, § 1158; *Donohue v. Skinner,* 118 Kan. 215, 234 Pac. 1000.)

Words in a will which are merely expressive of a desire or intention on the part of the testator, and are merely advisory or precatory in character, do not amount to a testamentary disposition, or control or alter express dispositions in the will, unless it is apparent that it was the testator's intention that such words of desire or intention should be mandatory, and then only to the extent fixed by testator's dominant purpose. (69 C. J. 78, Wills, § 1132.)

In interpreting the language of a will, the law prefers a construction which will prevent a partial intestacy to one which will permit it, if such construction may reasonably be given. (*In re Brown*, 119 Kan. 402, 239 Pac. 747; *Mann v. Haines*, 146 Kan. 988, 73 P. 2d 1066; *Walker v. Koepcke*, 177 Kan. 617, 282 P. 2d 382; *In re Estate of Schnack*, 155 Kan. 861, 130 P. 2d 591.)

Where a will has been properly executed, the presumption is that the testator intends to dispose of his whole estate. In the construction of doubtful clauses in a will, that interpretation is to be adopted, if possible, which avoids a partial intestacy, unless it clearly appears that the testator intended to die intestate as to part of his property. (57 Am. Jur. 754, Wills, § 1158.)

An examination of the will from its four corners discloses that the testatrix, in the first twelve paragraphs of the will, specifically devised and bequeathed certain of her real and personal property to named relatives, and directed that the remainder of her property be sold by her executor and converted into cash. By paragraph 13 (a), (b), (c) and (d), she bequeathed all the remainder of her estate to the specified beneficiaries. These bequests were definite, specific and unambiguous. The precatory remarks that followed do not purport to devise or bequeath any part of her estate or limit any former specific disposition thereof. When these remarks are read in conjunction with paragraphs 14 and 15, it is disclosed that testatrix had taken into consideration loans made to certain devisees, and made gifts, during her lifetime, of bonds or life insurance in which beneficiaries were named, and that neither the loans nor gifts should be considered as any part of her estate in computing the share received by any of the devisees. It is apparent in disposing of all her property under the terms of her will that she took such loans and advancements into consideration, so that all of her possessions, in the last analysis, would be equally divided between her relatives and those of her husband.

There is nothing in the will which leads us to the conclusion that she died intestate as to any part of her estate. She conveyed the whole of her estate to specifically named beneficiaries, in clear and unambiguous language. The precatory remarks did not limit, reduce or cut down those specific bequests.

The judgment of the trial court is reversed, and the case is remanded with directions to enter judgment in accordance with the views herein expressed.