No. 40,501

In re Estate of Pete Charowhas, Deceased. (PETE CHAROWHAS, JR., *Appellant*, v. HARLOW L. PRESTON, Executor, *Appellee*.)

(310 P. 2d 947)

Opinion filed May 11, 1957.

*Clarence J. Malone*, of Topeka, argued the cause and was on the briefs for the appellant.

*Richard R. Funk*, of Topeka, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This is an appeal from a judgment of the district court affirming, on appeal from the probate court, a journal entry of final settlement in the estate of a deceased testator. Defendant prevailed and plaintiff appeals.

It is conceded that only one question is involved herein and we will not burden the opinion with the preliminary matters relating to the journal entry of final settlement which ultimately assigned the real and personal property of which testator died seized to appellee, who was testator's sole legatee, devisee and beneficiary

under the will. The will provided for appointment of appellee as executor, and then further provided:

"FIRST: I direct that my Executor, hereinafter named, pay all of my just debts and obligations, including funeral expenses, as soon after my death as is practicable, and I request that my Executor erect in my memory a suitable tombstone on my grave site.

"SECOND: I give, devise and bequeath all the rest, residue and remainder of my property of whatsoever kind or nature, whether real, personal or mixed, and wheresoever situated, to my dear friend, Harlow L. Preston, of Topeka, Kansas, if he shall survive me, to be his absolutely to do with as he may wish."

Up to this point in the will, there can be no question but that appellee took an absolute fee simple title to the entire estate of the testator. However, the following paragraph is the one appellant relies upon to establish a "precatory" trust in his favor:

"THIRD: I am not unmindful of two children born to my former wife, Etta Charowhas, during the years of our marriage, said children being Pete Charowhas, Jr. and Cherrie Charowhas, who are now residing at Bogota, New Jersey, and while I am doubtful as to the paternity of the said Cherrie Charowhas, it is my will that whether she be the issue of my body or not, neither she nor Pete Charowhas, Jr., my dear son, shall take anything by reason of this will; but I believe that my dear friend, and the sole beneficiary of this will, Harlow L. Preston, will never permit my little son, Pete Charowhas, Jr. to suffer want or to lack the necessities of life and while I put no restrictions upon my said friend's use of the property in my estate, I make this will in reliance upon him to use such part of my estate as in his sole discretion may be necessary and advisable to be used for the benefit of my son."

The remaining paragraphs of the will need not be set out here as they are not necessary to a determination of the question before us.

This will is without a doubt clear, unambiguous, and concise. Therefore, we must apply our cardinal rule for the construction of a will, to which all others must yield, and that is we are bound to ascertain and follow the intention of the testator. In construing a will the court is the judge of the law and must consider all the provisions of the will. It cannot delete any part of it. (*Diver v. Hendrix*, 178 Kan. 253, 257, 284 P. 2d 1080.)

Appellant claims this will by its third paragraph establishes a "precatory" trust in his favor, but it is evident from the record and from remarks made during oral presentation of the case before this court that a constructive trust was meant by the use of the term "precatory trust." He further contends the words,

"I believe that my dear friend, and the sole beneficiary of this will, Harlow

L. Preston, will never permit my little son . . . to suffer want or to lack the necessities of life . . . ,"

are mandatory, but we cannot agree with that interpretation. The words are *precatory* because they clearly apply to appellee in his role of beneficiary. As was stated in the Diver case, *supra,*

". . . while precatory words may apply to beneficiaries they do not apply to executors. When executors are given directions as to what to do or not to do it is their duty to conform. They have no right or capacity to do otherwise." (p. 257.)

Another and very potent reason for this will creating a devise of testator's entire estate in fee simple to appellee is the rule stated in *Holt v. Wilson,* 82 Kan. 268, 108 Pac. 87, that,

"Where one part of a will clearly indicates a disposition in the testator to create an estate in fee it will not be restricted or cut down to any less estate by subsequent vague or doubtful expressions." (Syl. ¶ 1.)

All the principles stated herein were set out and discussed thoroughly in the recent case of *In re Estate of Cribbs,* 180 Kan. 840, 308 P. 2d 111.

While courts do not favor a parent disinheriting a child, we must carry out the intent of a testator when he makes that intent clear and definite by the terms of his will.

The judgment of the trial court is affirmed.

PRICE, J., concurring: I am in agreement with the decision reached in this case, but wish to add these brief remarks.

The syllabus states that after the usual provision for payment of debts "the executor was to receive all the remaining property absolutely to do with as he may wish." This statement is technically incorrect. It is true the executor and the sole beneficiary are one and the same person, but, particularly in view of the question involved in this appeal, and in the interest of accuracy, the statement should be that the *beneficiary* was to receive all the remaining property absolutely to do with as he may wish.

Also, I am not in agreement with the first part of the sentence comprising the next to the last paragraph of the opinion, in which it is said that courts do not favor a parent disinheriting a child. The will in question is clear and unambiguous. After payment of debts, including the cost of erecting a suitable tombstone, all property remaining is devised and bequeathed to a named beneficiary, to be his property absolutely. Then, in the next paragraph of the will, appear the "precatory" words in the nature of an expression of wish

and desire on the part of testator with respect to the sole beneficiary seeing to it that testator's son never be permitted to suffer want or to lack the necessities of life. On the record before us, we are not concerned with testator's motive in disinheriting his son, and in his status he had a perfect legal right to devise and bequeath any or all of his property to whomever he chose. The statement in question, not being in issue, and being unnecessary for a decision, is dictum.

In other respects I agree with what is said in the opinion of the court and that the judgment should be affirmed.