No. 41,998

In the Matter of the Estate of P. J. Carlson, Deceased. Maude McAtee, *Appellant,* v. The City of Sylvia, Kansas, B. W. Carlson, Weltha J. Carlson, and John Cecil, Executor, *Appellees.*

(358 P. 2d 669)

Opinion filed January 21, 1961.

*Arthur H. Snyder,* of Hutchinson, argued the cause and was on the briefs for the appellant.

*Robert Y. Jones,* of Hutchinson, argued the cause, and *Frank S. Hodge, Eugene A. White* and *H. Newlin Reynolds,* all of Hutchinson, were with him on the briefs for appellees The City of Sylvia, Kansas, and Weltha J. Carlson; *Max Wyman,* of Hutchinson, argued the cause, and *Don Wyman,* of Hutchinson, was with him on the briefs for appellee John Cecil, executor.

The opinion of the court was delivered by

Wertz, J.: This is an appeal from a decision of the trial court sustaining a charitable devise in the will of P. J. Carlson, deceased. P. J. Carlson died leaving a will, in the first three paragraphs

of which he made provisions for payment of his debts, devised certain described real estate to his brother, B. W. Carlson, and gave his personal property to his brother, B. W., and his sister-in-law, Weltha J. Carlson. In paragraph four of his will he gave B. W. and Weltha, or the survivor of them, a life estate in all the real estate owned by him at the time of his death. In paragraph five he gave to a sister, Mrs. Maude McAtee, plaintiff (appellant) herein, the sum of ten dollars.

The will further provided:

"Sixth: Subject to all of the foregoing and upon the termination of the life estates hereby created by death or forfeiture, I give, devise and bequeath all of the remainder of my property, real, personal or mixed, wherever located or situated, unto the City of Sylvia, Kansas, upon trust, said trust to be executed by the duly elected governing body of the said city for the following uses and purposes: I direct that said governing body select some eligible and qualified young man from the Sylvia community, and by that I mean a young man from Sylvia Township, who desires to become a doctor of medicine and that he be given funds in such reasonable amount as the governing body of the city may think fit for the purpose of educating this young man to become a medical doctor and upon his promise that he will return to the City of Sylvia, and remain there for the purpose of practicing his profession. The governing body of the City shall take such steps as may be necessary to secure the return of any funds so advanced if said promise is not carried out. Upon his return to Sylvia, I desire that any funds which may remain be utilized for the purpose of establishing a small clinic in the town of Sylvia wherein the practice of the person so selected may be carried on. In connection herewith I give and grant unto my trustee or trustees hereunder the full power and authority to sell and convert all of my said property into cash, to make, execute, acknowledge and deliver such deeds or conveyances as are necessary or requisite to the powers herein granted, to invest and reinvest any trust funds coming into the trust at anytime, all without the order of the Court, and no purchaser need look to the application of the purchase price. I request that when said clinic has been erected that a small memorial tablet be placed therein in my memory.

"Seventh: I request that my brother, B. W. Carlson, and my sister-in-law, Weltha J. Carlson, during the continuance of their tenancy on my property, see that a suitable floral decoration be placed upon the graves of Mr. and Mrs. Nelson, Axtel Nelson, Mr. and Mrs. O. F. Carlson and baby, and my wife's grave and my grave on each Memorial Day, and that after the termination of their tenancy that the Governing Body of the City carry out this same program until the funds in said trust are exhausted."

Paragraph eight provided for the appointment of an executor.

The validity of the trust which Mr. Carlson sought to create was attacked in the petition filed by Maude McAtee, plaintiff (appellant), on the ground that paragraph six of the will did not create

a charitable trust. The case was submitted on the pleadings and the stipulation of facts. It was stipulated between the parties that there was no doctor of medicine practicing in the city of Sylvia; that there were no hospital facilities in the city and township; that the nearest thereto were at Stafford, approximately twelve miles west, and at Hutchinson, thirty miles east, and that the population of the city and township in 1959 was 649.

We agree with the able trial court's conclusion that the vital question and the one on which the solution of this case actually hinges is whether the trust is for a charitable use. As further stated, there is little difference of opinion as to the legal rules which govern the creation and validity of charitable trusts. Disagreement arises only over the application of the pertinent legal principles to the facts at hand, and it would therefore seem wholly unnecessary to discourse generally upon the subject of trusts or to roam at large among the settled principles of law in that field. Some of our recent cases covering this subject are: *In re Estate of Freshour*, 185 Kan. 434, 345 P. 2d 689; *Commercial National Bank v. Martin*, 185 Kan. 116, 340 P. 2d 899; *In re Estate of Woods*, 181 Kan. 271, 311 P. 2d 359, and *In re Estate of Porter*, 164 Kan. 92, 187 P. 2d 520. Suffice it to say that charitable trusts, being favorites of the law, are to be upheld wherever possible, and instruments providing for their creation will be liberally construed to carry out the beneficent intention of the donor.

In the instant case, as stated by the trial court, it is obvious that the dominant purpose of the testator was to make medical care available to the residents of Sylvia and its environs. This he proposed to accomplish, first, by insuring a medical education for some qualified young man of the community who would return and practice in his home township, and, second, by making it possible for the young doctor to have access to a clinic in which he could conduct his practice and where the residents of the community could receive proper medical care. The testator's plan conforms somewhat to the pattern of an educational trust which concededly is one for a charitable use. (*Daughters of American Revolution v. Washburn College*, 160 Kan. 583, 164 P. 2d 128.) However, the ultimate aim of the testator was not the education or the training of a doctor but the bringing of medical services to a community which had been without them, and it is upon such a basis that the trust should be sustained.

A trust for the prevention, cure or treatment of diseases, or otherwise for the promotion of health is charitable (10 Am. Jur., Charities, § 71). A charity is broadly defined as a gift for general public use (14 C. J. S. Charities § 1; *In re Estate of Freshour,* supra). Gifts for the purpose of establishing or maintaining hospitals, or like institutions for the benefit of the sick, injured, aged, infirm, or other persons in unfortunate circumstances are for a purpose recognized by the courts as charitable (14 C. J. S. Charities § 16; *Nuns of St. Dominic v. Younkin,* 118 Kan. 554, 235 Pac. 869). Trusts have been sustained for the benefit of poor persons suffering from tuberculosis (*Rishel v. McPherson County,* 122 Kan. 741, 253 Pac. 586), and to aid deserving persons suffering from cancer in its probably curable stages (*Treadwell v. Beebe,* 107 Kan. 31, 190 Pac. 768).

The trial court found that the city of Sylvia is a small municipality and Sylvia township is purely a rural area; that both city and township were without the services of a resident doctor of medicine when the will was executed and they remain without medical services today; that there are no hospital or clinical facilities available in Sylvia, and that under such circumstances the trust which Mr. Carlson, a lifelong resident of the community, desired and sought to create was for the promotion of the health and physical well-being of the entire population of Sylvia and its environs.

The lower court further found that the education of a doctor and the furnishing of a clinic wherein he might practice are but means to the desired end, *i. e.,* to bring medical care to the inhabitants of a whole community; that such care would be of public benefit seemed too obvious to require extended argument or citation; that, thus, plaintiff's contention that the trust is for the benefit of but a single individual, rather than for the general good, must fail, and that the trust for which the will provides is a charitable trust.

The property having been left in trust to the municipality for public charitable purposes, the municipality has the power to accept the bequest of the trust fund and to administer it. (*Treadwell v. Beebe,* supra; *Rishel v. McPherson County,* supra; *In re Estate of Freshour,* supra, p. 440.) The course for the trustees to follow in administering the trust and in accomplishing its aims is specified in the will. If uncertainties or conflicts requiring judicial interpretation arise in the future, resort to the proper courts for clarifica-

tion and guidance may then be had.    (*In re Estate of Woods,* supra, p. 274.)

Plaintiff contends that paragraph seven of the will providing for the decoration of various graves on Memorial Day is not a bequest for charitable purposes, is inconsistent with paragraph six of the will and is void.

A reading of paragraph seven discloses that the language is precatory only.   As stated by the trial court, the dominant object of the testator remains essentially charitable in character.   In paragraph six he directs the application of trust funds to provide medical care for the citizens of Sylvia; while in paragraph seven he requests the decoration of certain graves.   The contrast in the phraseology of the two paragraphs impels the belief that the later request was clearly subordinated to the testator's primary design, and was merely an expression of a sentimental wish.   Words in a will which are merely expressive of a desire or intention on the part of the testator, and are merely advisory or precatory in character, do not amount to a testamentary disposition, or control or alter express dispositions in the will, unless it is apparent that it was the testator's intention that such words of desire or intention should be mandatory, and then only to the extent fixed by the testator's dominant purpose.   (*In re Estate of Cribbs,* 180 Kan. 840, 843, 308 P. 2d 111; *Diver v. Hendrix,* 178 Kan. 253, 256, 284 P. 2d 1080; *In re Estate of Charowhas,* 181 Kan. 322, 310 P. 2d 947.)

Plaintiff contends that the trial court erred in taking judicial notice of the difficulties experienced by small and predominantly rural Kansas communities in securing the services of medical doctors.   We find no merit to this contention.   Courts may in general take notice of what is and ought to be commonly known within the limits of their jurisdiction.   (*Johnson v. Funk,* 132 Kan. 793, 297 Pac. 670.)

Plaintiff contends that the trial court should have granted her motion for a new trial on the ground of newly discovered evidence. The record discloses that the evidence proffered by plaintiff on her motion was evidence which the trial court, at the hearing on the merits of the cause, granted plaintiff ten days to present and which the plaintiff failed to produce.   There is nothing in the record to show that the evidence was not available and could not have been produced by the plaintiff at the hearing.   Newly discovered evidence is not a ground for a new trial where applicant had knowl-

edge of such evidence at the time of the trial. Our rule is that where evidence offered at a hearing on a motion for a new trial is presented as newly discovered evidence and the facts clearly disclose that the complaining party was not diligent in producing the evidence before submission of the case to the court for decision, the order of the trial court overruling the motion for a new trial is discretionary and will not be disturbed on appeal. (*Paul v. Paul,* 183 Kan. 201, 326 P. 2d 283.)

The judgment of the trial court is affirmed. It is so ordered.