No. 46,155

In the Matter of the Estate of Walter F. Kuhn, Deceased, D. J. PASSMORE, *Appellant,* v. RUBY L. KUHN and UNION NATIONAL BANK, *Appellees.*

(491 P. 2d 937)

Opinion filed December 11, 1971.

*Charles Vance,* of Vance, Hobble, Neubauer, Nordling & Sharp, of Liberal, argued the cause and was on the brief for the appellant.

*Richard Jones,* of Hershberger, Patterson, Jones & Thompson, of Wichita, argued the cause and was on the brief for the appellee, Ruby L. Kuhn.

*Joseph W. Kennedy,* of Morris, Laing, Evans & Brock, of Wichita, was on the brief for the appellee, Union National Bank.

The opinion of the court was delivered by

OWSLEY, J.: This is an action to construe the provisions of the will of Walter F. Kuhn, who died in Sedgwick County, Kansas, on September 22, 1967, and the validity of the claim of D. J. Passmore, appellant, under said will.

The sole issue presented to the trial court and to this court was stipulated as follows: Is D. J. Passmore, by reason of the provisions of the last will of Walter F. Kuhn and the codicil thereto, entitled

to have the payment of his salary continued beyond the death of Walter F. Kuhn and, if so, what period?

The provision of the will of Walter F. Kuhn that determines this issue reads as follows:

"The employees who are working for me at the time of my death shall continue to be paid the salaries they are receiving at my death until they participate in distributions of income from Walter Kuhn Trust No. 2."

The trial court ruled that Passmore was not entitled to any benefits under the will and he appeals.

The testator made certain specific devises and bequests to his wife and thereafter created a marital trust (Walter F. Kuhn Trust No. 1) by devising to the Union National Bank, as Trustee, sufficient of his estate to take full advantage of the marital deduction provided by the United States Internal Revenue Code. All of the income of this trust is payable to the testator's widow and the corpus is subject to disposition pursuant to the directions which may be contained in the widow's will.

After making certain specific bequests and devises, the testator bequeathed and devised the remainder of his estate to the Union National Bank in Wichita as Trustee (Walter F. Kuhn Trust No. 2). The income from Trust No. 2 is payable to the testator's wife during her lifetime and for ten years after the wife's death to the remaining named beneficiaries of the trust   Ten years after the death of testator's wife the corpus of the Trust No. 2 is to be distributed to certain beneficiaries named in the will.

When the will was executed Kuhn had in his employ four persons; namely John Wing, Lucille Kerr, R. O. Chapline and Talma Chapline. When he executed a codicil to the will on April 21, 1967, John Wing had died and Kuhn had in his employ only three persons; namely, Lucille Kerr, R. O. Chapline and Talma Chapline. These persons were beneficiaries under the Walter F. Kuhn Trust No. 2. D. J. Passmore was first employed by the testator on May 1, 1967, and he is not a beneficiary of Walter F. Kuhn Trust No. 2. His employment was in connection with the gas production operations carried on by Kuhn and he continued in the employ of Kuhn in the same capacity from said date until Kuhn's death.

In the trial court both appellant and appellees took the position that the will was not ambiguous but should be interpreted in accordance with their respective contentions. Appellant offered testimony of himself and other unnamed witnesses to the effect

that the testator had stated that appellant was a beneficiary under the testator's will and it was stipulated that all of these statements were made at times subsequent to the execution of the will and at times subsequent to the codicil of the will. The court declined to receive this testimony. The trial court held that:

". . . D. J. Passmore is not one of those persons included within the contemplation of 'employees' as said term is used in the first sentence of Paragraph 1 of Subsection (e) of Section 11 of Article VI of the Last Will of Walter F. Kuhn, deceased; that the said D. J. Passmore should be and he is hereby denied any and all benefits under the Will of Walter F. Kuhn, deceased; . . ."

Appellant first contends that he comes within the class designated to continue in employment and that any implication arising from the use of the word "they" is insufficient to make the will ambiguous. We agree with appellant that the will is not ambiguous. We conclude that it was the intention of the testator garnered from all parts of the will that the beneficiaries under the clause in question were identified in two ways: First, they had to be working for the testator at the time of his death; and second, they had to be beneficiaries under the Walter Kuhn Trust No. 2. Since the appellant was not a beneficiary under Walter Kuhn Trust No. 2 it follows that he was not one of the persons designated to take under this clause of the will.

We have stated in *In re Estate of Freshour,* 185 Kan. 434, 345 P. 2d 689:

". . . In construing a will the court must put itself as nearly as possible in the situation of the testator when he made the will, and from a consideration of that situation and from the language used in every part of the will, determine as best it can the purpose of the testator and the intentions he endeavored to convey by the language used." (p. 438.)

Applying this rule to the situation here we reason that when Kuhn executed his will and his codicil he had in mind to provide for his employees. At that time he made them beneficiaries under the trust, but since they did not receive anything from the trust during the lifetime of his wife he made further provision that they should be paid their salaries during that period. It is obvious that he had no intention of providing for a person that he might at some time employ in the future. If he had had such an intention there would have been no reason to terminate the salary of the future employee at point in time when other employees participated in distribution of the Walter Kuhn Trust No. 2.

Appellant cites the following language from *In re Estate of Cribbs*, 180 Kan. 840, 308 P. 2d 111:

"It is also well established that a gift in clear terms cannot be taken away or diminished by later obscure and ambiguous provisions or mere precatory language. To diminish or encumber an absolute gift, it is necessary to find or supply language in the later clause equally as plain and unequivocal as in that of making the gift, expressing an intention to limit the devise already made." (p. 843.)

and argues that "a clearly stated gift is not to be abrogated by later words which modify it only by implication." The defect in appellant's argument in this case is that the subsequent words in this will do not modify by implication, but are "equally as plain and unequivocal" as those employed in making the gift. Appellant's contention would have more merit if the modifying words were not a part of the same sentence in which the clearly stated gift is made and appeared subsequently in the will separated by clauses dealing with other testamentary provisions.

Appellant states that he comes clearly within the class designated in the first portion of this clause of the will, unless the word "they" implies a further restriction of this class. We are unable to glean from his brief any argument that the word "they" is not a further restriction. The appellee contends that the word "they" must have an antecedent and the antecedent can only be the earlier word "employees", and concludes that the testator's meaning and intention becomes obvious if one substitutes for the word "they" the words "such employees." We find that appellee's argument is sound and it is the only reasonable interpretation that can be given the language used by the testator.

Appellant also contends that the trial court erred in excluding testimony. The testimony offered was relative to conversations with the testator made subsequent to the execution of the will and the codicil. According to the stipulations of the parties referred to in the journal entry of judgment, each of the parties contended that the will was not ambiguous. It is difficult to follow appellant's contention that this evidence should be admitted if he admits the will is not ambiguous. Be that as it may, since this court now finds that the will was not ambiguous the evidence proffered by the appellant was inadmissible. The law applicable and controlling on this court is found in *Phillipson v. Watson*, 149 Kan. 395, 87 P. 2d 567, where we said:

"In construing a will the primary rule to be followed is the will itself, the language used in it, and all parts of it. Evidence tending to show the situation of the testator at the time the will was executed, the nature of his business, the extent of his property, and his family or relatives, may be received if helpful in identifying property or beneficiaries, or to clarify language used by the testator, but not to change the will. Evidence respecting matters which occurred after the will was executed, and particularly after it was probated and the estate administered under it, is incompetent as bearing upon the construction of the will." (Syl. ¶ 3.)

We conclude that the will of Walter F. Kuhn was not ambiguous and that the appellant was not entitled to any benefits under it and that the proffered testimony concerning testator's statements made after the will and codicil were executed was inadmissible.

The judgment is affirmed.

O'CONNOR and PRAGER, JJ., not participating.